EDWARD F. TIMMINS *vs.* CIVIL SERVICE COMMISSIONERS.

Suffolk.   May 22, 1931. — June 23, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, & WAIT, JJ.

*Civil Service.*

The civil service commissioners, having given notice of a promotional competitive examination for the purpose of establishing an eligible list from which the school committee of a city could appoint a director of school hygiene, the examination being confined to seven supervising physicians then in the schools, had a right in their discretion, upon one only of such physicians presenting himself for examination, to refuse to examine him and to order to be held an open competitive examination in accordance with a request originally made by the school committee; and no abuse of discretion appeared.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on March 16, 1931, for a writ of mandamus.

The case was heard by *Carroll,* J. Material facts appear in the opinion. The single justice ordered the petition denied and reported the case for determination by the full court.

*D. M. Lyons,* for the petitioner.

*C. F. Lovejoy,* Assistant Attorney General, for the respondents.

WAIT, J. This is a petition for a writ of mandamus filed by a supervising school physician in the employ of the school department of the city of Boston to compel the commissioners of civil service for the Commonwealth to examine him as applicant for examination to fill the position of director of school hygiene in an examination open only to persons of the grade of supervising physicians in the department of school hygiene, and to refrain from proceeding to hold an open competitive examination to fill said position, or any examination open to any persons other than those of the grade of supervising physicians, or to any persons other than those classified as school physicians in the city of Boston or in one of the grades of said classification. The case was heard upon an agreed statement of facts and the testimony of a witness found to be true. The material facts are as follows: In 1930 the position of director of school hygiene became vacant through death. The school committee, the appointing power, requested the commissioners of civil service to hold an open competitive examination for the purpose of establishing an eligible list from which under the civil service law the vacancy might be filled. Apparently no eligible list was then in existence from which the commissioners, pursuant to the rules of the commission, which have the force of law, *Ransom* v. *Boston,* 192 Mass. 299, could certify three names to the appointing power. Rule 16, § 1. Under Rule 4 school physicians with dentists, medical and physical inspectors, veterinary inspectors and veterinarians form Class 32 of the official service. There are no grades classified under Class 32. The director of school hygiene is a full time position with salary fixed at $7,000 per annum. There are seven supervising school physicians in the service of the school department who give three or four hours of school days to this work and receive salaries of $2,200 per year. There are also about sixty school physicians on stated salaries. In 1925 an open competitive examination was held for the purpose of establishing an eligible list from which supervising physicians in the department of school hygiene could be appointed, and as a result there have been appointed the seven supervising physicians.

The commissioners of civil service, disregarding the request of the appointing power for an open competitive examination, gave notice of a promotional competitive examination to be held on January 30, 1931, to fill the position of director of school hygiene, and limited application to the supervising physicians then in the department. The petitioner, with four others, applied to take the examination; but only the petitioner presented himself for examination at the time and place fixed. Although he desired to be examined and did all then required of him, he was told that by order of the commission no examination would then be held. Later the commission announced that an open competitive examination would be given. The petitioner and others were heard in regard thereto on March 10, 1931. The commission adhered to its decision, and proposed to proceed with such an examination. This petition followed on March 16, 1931.

The petitioner contends that the respondents had no right to refuse to examine him in the circumstances disclosed, nor to order an open competitive examination without first having held an examination limited to school physicians of the city of Boston. Neither position is well taken. The evidence shows that it has for many years been the practice of the commission to hold a promotional or an open examination as might be desired and requested by the appointing power which asked for a certified list of eligible persons from which to appoint. In announcing a promotional examination limited to supervising physicians in the department, instead of the open competitive examination requested by the school committee, the commissioners departed from this practice. No definite rule of the commission controls. The statutes require that the rules of selection established by the commission shall include provision for "Promotions, if practicable, on the basis of ascertained merit in the examination and seniority of service"; G. L. c. 31, § 3 (d) as amended by St. 1930, c. 227; but no rule has been made by statute which requires that positions shall be filled by promotions, except in the police service. See G. L. c. 31, §§ 20, 20A; St. 1930, c. 160. We have no

doubt that the commission has power to change its determination in regard to the kind of examination to be given. Any disappointment or loss to applicants for examination is *damnum absque injuria.* Nor do we doubt the wisdom of giving weight to the preference of the appointing power. That power may well have believed that the list of eligible appointees, from which under the law (Rule 16, § 1) it must make its appointment, should not be confined to the successful three among the seven possible applicants if examination were to be confined to supervising school physicians.

It should be kept in mind that the commission does not make appointments. Its power is limited to making "rules and regulations which shall regulate the selection" by the various appointing powers of the persons to be appointed. G. L. c. 31, § 3. Passing an examination successfully does not entitle one to appointment, although (with exceptions not material here) no one who has not so passed can legally be appointed. The appointing power has a right of selection. The case of *People* v. *Chew,* 67 Colo. 394, cited by the petitioner, does not decide the matters here in question. It does not determine that the commission is bound to examine a single applicant where it is required by its rules to certify three names of persons qualified by examination. Whether it shall proceed or shall make a new provision for examination rests in its discretion. No abuse of discretion appears. Both in declining to examine a single applicant, and in changing the examination to the kind desired by the appointing power the commission was acting within its rights. The order denying the petition was proper and is

*Affirmed.*