EUGENE R. MacCARTHY *vs.* DIRECTOR OF CIVIL SERVICE & others.

Suffolk. December 4, 1945. — January 31, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Civil Service. Veteran. Words,* "Appointment," "Promotion."

The preference as to "appointment" in the civil service given to disabled veterans by G. L. (Ter. Ed.) c. 31, § 23, as amended, applies only to original entry into the service and does not extend to a promotion within it.

PETITION for a writ of mandamus, filed in the Superior Court on February 8, 1945.

A demurrer to the petition was sustained, and the petition was dismissed, by order of *Williams,* J. The petitioner appealed.

*J. W. Vaughan,* for the petitioner.

*C. A. Barnes,* Attorney General, & *R. Clapp,* Assistant Attorney General, for the respondents, submitted a brief.

LUMMUS, J. The civil service law (G. L. [Ter. Ed.] c. 31) provides for two preferences over ordinary citizens. The older and inferior preference is in favor of a "veteran" as defined in § 21, and originated in St. 1884, c. 320, § 14, Sixth. See *Brown* v. *Russell,* 166 Mass. 14; *Opinion of the Justices,* 166 Mass. 589; *Mayor of Lynn* v. *Commissioner of Civil Serv-*

*ice,* 269 Mass. 410.  The more recent and superior preference is in favor of a "disabled veteran" as defined in § 23, and originated in St. 1922, c. 463, which, apart from a small amendment made by St. 1939, c. 238, § 30, is now § 23 of the present statute.

In his petition for a writ of mandamus the petitioner alleges that he is such a "disabled veteran"; that after passing a civil service examination he was employed in 1930 by the metropolitan district commission as a construction inspector; that later, the then superintendent of sewers having retired, he was given a provisional appointment as superintendent of sewers, for which his training and experience have fitted him; that in August, 1943, for the purpose of filling the position of superintendent of sewers a competitive examination was given by the respondent director of civil service to eight members of the department, and the petitioner was the only one of five persons who passed the examination that was a disabled veteran; and that the civil service commission has adopted no rule for the preference of disabled veterans. The petitioner claims the right under § 23 to have his name placed on the eligible list for appointment to the position of superintendent of sewers, and to have a preferential right to the appointment over other candidates, and to have a rule made giving a disabled veteran preference in promotions.

A demurrer to his petition was sustained, and the petitioner appealed to this court under G. L. (Ter. Ed.) c. 231, § 96.

The statute relied on by the petitioner, G. L. (Ter. Ed.) c. 31, ·§ 23, provides that "the names of veterans who pass examinations for appointment to any position classified under the civil service shall be placed upon the eligible lists in the order of their respective standing above the names of all other applicants," except that disabled veterans "shall be placed ahead of all other veterans on such eligible lists in the order of their respective standing."  The statute further provides that "a disabled veteran shall be appointed and employed in preference to all other persons, including veterans."  It has been held that a disabled veteran, like other appointees, takes office subject to the risk of dismissal dur-

ing the probationary period required by the statute. *Younie* v. *Director of Division of Unemployment Compensation*, 306 Mass. 567.

Since the petitioner is the only disabled veteran who passed the examination, if § 23 applies he is entitled to the preference that he seeks. The decisive question is whether a promotion is an "appointment" within § 23. In the ordinary use of language a promotion is one kind of appointment, and the word "appointment" covers a promotion. *Ford* v. *Retirement Board of Lawrence*, 315 Mass. 492, 494. *Crimmins* v. *Highway Commission of Brockton*, 304 Mass. 161. But the respondents contend that in the civil service law the word "appointment" is used to denote only the original entry into the classified civil service, and does not apply to a promotion within that service. That contention seems to us well founded.

In St. 1896, c. 517, § 2, it was provided that veterans who pass a civil service examination should be preferred in "appointment" to all persons not veterans. In 1900 Attorney General Hosea M. Knowlton rendered an opinion that "it was the intention of the Legislature to use the word 'appointment' as applicable only to the original selection of persons for office, and to distinguish between such original selection and the promotion of persons already appointed to office under the civil service rules." But he held that the repeal by St. 1896, c. 517, § 8, of one of the clauses of St. 1884, c. 320, § 14, Sixth, made it the duty of the civil service commission, in the words of the present statute (G. L. [Ter. Ed.] c. 31, § 3 [f]), to make rules giving "preference to veterans in appointment and promotion, not inconsistent with this chapter." 2 Op. Atty. Gen. 119, 120. The present statute, like that dealt with in his opinion, requires rules giving preference to "veterans" in both appointment and promotion, but requires no additional preference for "disabled veterans" beyond that given by G. L. (Ter. Ed.) c. 31, § 23. That opinion was followed in substance in the opinion of the present Attorney General given to the civil service commission on February 5, 1945. See also *McCabe* v. *Judge of the District Court of Lowell*, 277 Mass. 55, 59.

All through the civil service law the words "appointment" and "promotion" are distinguished from each other. When both things are intended both words are used. G. L. (Ter. Ed.) c. 31, §§ 3 (d), (f); 15, 15B, 18, 20. In St. 1939, c. 506, § 2, the words "or promoted" were added to the word "appointed" used in St. 1939, c. 238, § 21, in amending G. L. (Ter. Ed.) c. 31, § 15, the present form of which is found in St. 1941, c. 491. The contrast between "appointment" and "promotion" in the civil service law existed long before the class of "disabled veterans" was created by St. 1922, c. 463. When by that statute that class was given a superior preference as to "appointment," that preference did not extend to a promotion.

*Order sustaining demurrer affirmed.*
*Petition dismissed.*