HENRY J. McCUE & others *vs.* DIRECTOR OF CIVIL SERVICE & others.

Suffolk.    February 10, 1950. — April 4, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Civil Service.   Veteran.*

In applying an amendment to Rule 21 of the civil service commission, adopted and effective on November 10, 1949, pursuant to G. L. (Ter. Ed.) c. 31, § 3, as appearing in St. 1945, c. 702, that "In competitive examinations for promotion to any position in the classified official service the director shall add two points to the general average mark obtained by any veteran . . . providing such veteran has first obtained a passing mark in said examination," the director rightly ruled, respecting a certain examination for promotion in the police and fire departments of Boston and the police department of the metropolitan district commission held before the adoption of the amendment, that "since the eligible lists . . . will be established after . . . the effective date of" the amendment "two points will be added to the marks of veterans passing such examinations"; such action of the director would not be a retroactive application of the amendment.

The first sentence in § 20 of G. L. (Ter. Ed.) c. 31, as appearing in St. 1947, c. 354, § 1, properly construed, was not in conflict with § 3 of c. 31, as appearing in St. 1945, c. 702, and did not preclude an amendment to Rule 21 of the civil service commission adopted in accordance with § 3, that "In competitive examinations for promotion to any position in the classified official service the director shall add two

points to the general average mark obtained by any veteran . . . providing such veteran has first obtained a passing mark in said examination"; examinations for promotion taken before the amendment to the rule did not become noncompetitive under said § 20 if, in establishing the eligible lists after the effective date of the amendment, the director should add the two points to the general average marks obtained by veterans who had passed in the examination.

PETITION, filed in the Superior Court on November 18, 1949, for a writ of certiorari.

The case was reported by *Forte, J.*, upon the petition and return, without decision.

*R. Clapp*, for the petitioners.

*H. P. Fielding*, Assistant Attorney General, for the respondents.

*E. O. Proctor*, by leave of court submitted a brief as amicus curiae.

COUNIHAN, J. This is a petition for a writ of certiorari brought against the director of civil service and the civil service commissioners. The parties have agreed that all of the facts stated in the return of the respondents are correct, and that such facts are all of the material facts. At their request the judge reported the action to this court without decision. G. L. (Ter. Ed.) c. 213, § 1B, as inserted by St. 1939, c. 257, § 1; G. L. (Ter. Ed.) c. 231, § 111. See *Smith* v. *Director of Civil Service*, 324 Mass. 455.

The petitioners are all nonveteran members of the police and fire departments of the city of Boston or of the police department of the metropolitan district commission. It is agreed that they are all within the classified civil service. The petition involves the validity of a decision of the director of civil service under an amendment to Rule 21 of the rules of the civil service commission made by virtue of G. L. (Ter. Ed.) c. 31, § 3, as appearing in St. 1945, c. 702.[1] This amend-

---

[1] "Subject to the approval of the governor and council, the commission from time to time shall make and may amend rules which shall regulate the selection and employment of persons to fill positions in the official service and labor service of the commonwealth and of the cities and towns thereof, which positions are subject to any provision of this chapter. Before such approval the governor and council shall hold a public hearing. Such rules shall be of general or limited application and consistent with law and shall include provisions for the following: . . . (g) Preference to veterans in appointment and promotions."

ment, which was approved by the Governor and Council on August 30, 1949, effective November 10, 1949, now reads: "1. Promotions in the Classified Official Service shall be on the basis of merit ascertained by examination and seniority of service. 2. In competitive examinations for promotion to any position in the Classified Official Service the Director shall add two points to the general average mark obtained by any veteran, as defined in General Laws, Chapter 31, Section 21, providing such veteran has first obtained a passing mark in said examination."

The petitioners respectively took certain examinations for promotion within their departments on different days, namely, June 4, 1949, June 11, 1949, July 22, 1949, and August 19, 1949.

The return of the respondents agrees with the allegations of the petitioners, "That each of the petitioners in their respective examinations received a passing mark, and that if two points are added to the general average mark of veterans taking the same examinations the petitioners will not then be as near the top of each eligible list respectively as they otherwise would be." On November 4, 1949, the petitioners, through counsel, requested in writing a decision from the director as to the effect of the amendment to Rule 21 on the eligible lists to be established as the result of examinations taken before the effective date of the amendment. On November 16, 1949, the director made a decision, and so notified counsel, to the effect that by virtue of the amendment to Rule 21 he would add two points to marks of veterans passing the promotional examinations held before November 10, 1949, which the petitioners had taken, and that these two points would be added before the eligible lists were established.[1] From this decision the petitioners

---

[1] The full text of the commissioner's decision was "that, since the police and fire forces of the city of Boston and the police force of the metropolitan district commission are in the classified official service, the two points will be added to the marks of veterans passing such examinations for these forces, and that since the eligible lists for the positions for which they have been examined will be established after November 10, 1949, the effective date of the rule, the points will be added to the marks of veterans on the lists upon which the candidates to which you refer are placed." — REPORTER.

duly appealed to the civil service commission, which on November 17, 1949, denied their appeal. It is this action of the commission which the petitioners seek to quash so that the decision of the director may not stand.

The petitioners contend that the amendment to Rule 21 should not apply to marks obtained as the result of examinations for promotion held before the effective date of the amendment. They admit that rules of the civil service commission have the force of law, but assert that all statutes and such rules have a prospective effect and in the absence of plain intent should not be applied retrospectively. For the purposes of this case we do not disagree with this assertion as matter of law, but the real issue here is whether in this instance the amendment was to be applied retrospectively. We do not believe that the decision of the director produces such a result.

The power to define the eligibility of persons seeking public employment, with exceptions not here material, rests on the Legislature which may delegate its powers to subordinate agencies of the Commonwealth, such as the civil service commission, and, to the extent that the Legislature has delegated such powers to the commission, the latter may exercise such authority and may change its determination from time to time as it sees fit. *Timmins* v. *Civil Service Commissioners,* 276 Mass. 142. And it has been held that, even after an applicant's name has been placed on an eligible list, he has no right to insist that it shall retain its place. The director may revise the list by placing ahead of his name the names of disabled veterans who had failed to claim, until after the list was established, the preference accorded them under G. L. (Ter. Ed.) c. 31, § 23, as amended by St. 1939, c. 238, § 30. *Smith* v. *Director of Civil Service,* 324 Mass. 455.

The petitioners lay stress on the introductory words of the amendment, "In competitive examinations for promotion," as indicating that the two point preference is chronologically a part of the examination itself. However, since the two points are to be added only to the marks of those

who pass the examination, it is clear that the two points cannot be added at the time of the examination, but must be added later when the results have been finally determined, and this may not be until some time after the examination papers have been originally marked.

The process of obtaining promotion in the classified civil service as prescribed by c. 31 and the rules of the commission, briefly summarized, is this: After an examination is ordered by the director (§ 2A [e]), he posts public notice of such examination (§ 8) and prepares it (§ 10). Examination is then held open to all applicants who have filed (§§ 8, 13). Those taking the examination are notified of results within sixty days (§ 12). Within fourteen days of notice of results an applicant may file with the director a request for a review of the markings on his examination paper, setting forth specifically in what particulars the results of the examination are allegedly incorrect (§ 12A). In such case the director, within six weeks after the filing of a request for review of the markings, shall cause such examination paper and the markings thereon to be reviewed, and transmit a copy of his decision to the applicant (§ 12A). Within fourteen days after notice of such decision the applicant may appeal to the commission (§ 12A). After the filing of such appeal the commission shall hold a hearing, render a decision, and transmit a copy of such decision to the applicant (§ 12A). Not later than six months after such examination a list of persons eligible to any position shall be prepared or revised as soon as may be after their respective ratings or standings have been determined by the director by examination *or otherwise in accordance with the rules of the commission* (§ 12). The director shall combine into one list all eligible lists for the same position in the order of ratings established in examinations *and in accordance with the laws relating to preference to veterans and disabled veterans* (§ 12). From the eligible list thus established persons shall be appointed and promoted upon requisition by the appointing officer upon certification by the director.

Obviously in these circumstances the director has no occasion to add two points to marks of veterans who have passed until the final results of the examination have been determined, after all appeals have been disposed of. It would seem that commonly the appropriate time to add the two points is just before the eligible list is established for only then is it certain what the final marks are to be. If this came about after November 10, 1949, the amendment to Rule 21 was then effective and the director had no choice to decide otherwise than he did and his action was not retrospective.[1]

The petitioners also contend, from the phraseology of G. L. (Ter. Ed.) c. 31, § 20, as appearing in St. 1947, c. 354, § 1, in its first sentence,[2] that the Legislature reserved to itself the power to make regulations altering in any degree the competitive nature of examinations for appointment and promotion in police and fire forces of cities and towns and in the police force of the metropolitan district commission. They argue that, because the Legislature specifically provided by statute, c. 31, § 23, for preference in appointment of veterans, it reserved to itself the right to provide for preference in promotions, particularly in view of the use of the words in § 20 "or in the rules of the commission relative to temporary or emergency appointments."

We do not agree with this contention. The petitioners disregard the use of the words "except as otherwise provided in this chapter," which must necessarily refer to the rule making power of the commission as provided in c. 31, § 3. We believe that the amendment to Rule 21 is within the provisions of the governing statute, c. 31, and complies

---

[1] The petitioners averred that at the date of the filing of the petition (November 18, 1949), no eligible list had "as yet been made as a result of the examinations." This was within the admissions in the respondents' return. — REPORTER.

[2] "Appointments and promotions in such police and fire forces of cities and towns as are within the official service and in the detective force of the state department of public safety and in the police force of the metropolitan district commission shall be made only by competitive examination, except as otherwise provided in this chapter, or in the rules of the commission relative to temporary or emergency appointments."

with its terms. We believe that the commission had no choice other than to make the amendment to Rule 21 because of the language in *MacCarthy* v. *Director of Civil Service,* 319 Mass. 124, 126, where it was said, "The present statute . . . requires rules giving preference to 'veterans' in both appointment and promotion . . .." See opinion of Attorney General in report for the year ending June, 1945, page 53. While it may appear that if § 3 (g) and § 20 were each to be construed separately there would be conflict between them, this is not true if they are construed together, as they must be. It has been said in *McDowell* v. *Hurley,* 291 Mass. 258, 260, "The statute does not attempt to say how much weight shall be given" to each. It is a general rule of statutory construction that all provisions must be so construed that they can operate harmoniously together. *Opinion of the Justices,* 324 Mass. 736, 744. In that same opinion when this proposed amendment to Rule 21 with another amendment to the rules not here material was under consideration it was said, "It follows that the proposed amendments to the rules are within the authority of the civil service commission to make."

We believe that § 20 provides for the elimination of noncompetitive examinations for appointment and promotion in the fire and police forces and provides for competitive examinations only. An examination otherwise competitive does not cease to be such because two points are added to the marks of all veterans who pass, for there still remains competition among veterans who pass and even among such veterans and those nonveterans who may receive marks higher than veterans with the two points added. Rule 21 as amended provides for a preference but not an absolute · one.

If the Legislature had intended that § 20 should control § 3, it could have plainly said so when it enacted § 3 (g) by St. 1945, c. 702, to require the commission to make rules relative to veterans' preference in appointment and promotion in the classified civil service. On the contrary it is significant that in St. 1945, c. 702, the words "not inconsistent

with this chapter" as they formerly appeared in § 3 (f), now § 3 (g), were omitted. This is strong indication that the Legislature must have had in mind the language in the first sentence of § 20, for it was then substantially in its present form, and intended to avoid any conflict with it because of the rule making power in § 3. Let the entry be

*Petition dismissed.*