JOHN F. WANDERS *vs.* SUPERINTENDENT OF PUBLIC
BUILDINGS OF BOSTON.

Suffolk.    May 4, 1950. — June 5, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Boston.    Municipal Corporations,* Officers and agents. *Civil Service. Words,* "Appointment."

A promotion in the civil service of the city of Boston is an "appointment" within St. 1939, c. 332, § 1.

The term of office of one promoted to a position in the civil service of the city of Boston on November 28, 1949, was subject to St. 1939, c. 332, § 1, and expired on January 31, 1950.

PETITION for a writ of mandamus, filed in the Superior Court on March 15, 1950, and afterwards amended.

The case was heard by *Murray*, J., who denied the petition. The petitioner appealed.

*J. L. Kenney*, (*T. A. Glynn, Jr.*, with him,) for the petitioner.

*W. H. Kerr*, (*A. G. Coffey*, Assistant Corporation Counsel, with him,) for the respondent.

WILLIAMS, J. In this substitute petition for the issuance of a writ of mandamus against the superintendent of public buildings of the city of Boston the following facts are alleged. The petitioner was appointed to the position of carpenter in the public buildings department of the city conformably to civil service laws and regulations on December 15, 1943. On December 4, 1946, he was promoted to the position of working foreman carpenter in the same department. The position of supervisor of mechanics was created within the department on February 2, 1949, and on the same date, by authority of the director of civil service, the petitioner was temporarily transferred to the new position for a period of six months. On August 2, 1949, he was again temporarily transferred to the same position for a further period of six months. As a consequence of a competitive promotional examination taken by the petitioner and "at least one other person" under the civil service laws on August 26, 1949, the director of civil service notified the respondent on November 23, 1949, that "As a result of an examination held for promotion to supervisor of mechanics for your department the name of John F. Wanders appears as the only eligible. His temporary transfer in this capacity is hereby terminated and his name certified to you for appointment in connection with your requisition of February 2, 1949. Please make formal report of his appointment on the enclosed forms (§14). Pending selection, authority is given for the continued temporary transfer of Mr. Wanders for fourteen days, under the provisions of c. 31, § 15, of the General Laws." The petitioner was "duly promoted under said certification" to the position of supervisor of mechanics on

November 28, 1949, at a salary of $3,800 per year. Thereafter he performed his duties and received his salary until January 31, 1950, on which date the respondent notified him "that under the provisions of c. 332 of the Acts of 1939 your employment as supervisor of mechanics in this department terminates at the close of business today, January 31, 1950. You will, therefore, be restored to your former status as working foreman carpenter at $3,200 per annum." Since January 31, 1950, the respondent has refused to recognize the petitioner as holding the position of supervisor of mechanics. The petition concludes with a prayer that the respondent be ordered to recognize the petitioner as holding said position since January 31, 1950, at a salary of $3,800 per year.

The answer of the respondent admits the facts above stated and alleges that "at an election held in the city of Boston on November 8, 1949, a new mayor of said city, to wit, John B. Hynes, was elected as successor to James M. Curley as mayor of said city; that said James M. Curley was the mayor last previously elected; and that said John B. Hynes duly qualified as mayor of said city on January 2, 1950, succeeding said James M. Curley"; and "that the statute cited in the communication quoted in paragraph 13 of said petition, to wit, c. 332 of the Acts of 1939, is entitled 'An Act relative to certain appointments in the service of the city of Boston made between the time of the election of a new mayor and his qualification and to salary increases of certain employees of the city of Boston and county of Suffolk made during such period' and provides as follows: 'Section 1. The term or tenure of office of the holder of any office or position in the service of the city of Boston who is appointed between an election at which a new mayor is elected as successor to the mayor last previously elected and the qualification of such successor shall expire or terminate on January thirty-first next following such appointment by operation of law, notwithstanding the provisions of chapter thirty-one of the General Laws or any other provision of law. No increase in salary or compensation granted by the

city of Boston or Suffolk county during any such period to any officer or employee paid by it or partly by said county and partly by the commonwealth, except step rate increases, so called, shall be effective after January thirty-first next following the end of such period. Section 2. The provisions of this act shall not apply to appointments by the superintendent of schools of the city of Boston approved by the school committee of said city.' "

A replication of the petitioner admits the facts alleged by the respondent in his answer.

The case is submitted on the substitute petition, the respondent's answer, and the petitioner's replication, with a stipulation "that the facts set forth in said pleadings are all the material, ultimate facts from which the rights of the parties are to be determined; and that this court, and any court before which this cause shall come upon appeal, exceptions, report or other proceedings in the nature of an appeal, shall be at liberty to draw from said facts any inferences that might have been drawn therefrom at a trial, as if said pleadings constituted a case stated."

The petitioner "appeals from the decision" of the Superior Court "denying the issuance" of the writ.

He contends that his promotion under the provisions of the civil service laws was not an appointment within the meaning of that term as used in St. 1939, c. 332, § 1, and that it was not the intent of the Legislature to make the statute applicable to appointment to a position under the civil service. The statute refers to the "term or tenure of office of the holder of *any* office or position in the service of the city of Boston" (emphasis supplied). It makes no distinction between an office or position which is under civil service and one which is not. It is said in *MacCarthy* v. *Director of Civil Service*, 319 Mass. 124, 126,. "In the ordinary use of language a promotion is one kind of appointment, and the word 'appointment' covers a promotion." In the construction of statutes "Words and phrases shall be construed according to the common and approved usage of the language." G. L. (Ter. Ed.) c. 4, § 6, Third. Although

"in the civil service law the word 'appointment' is used to denote only the original entry into the classified civil service," *MacCarthy* v. *Director of Civil Service*, 319 Mass. 124, 126, in the statute under consideration, it not being a civil service law, the word must be given its ordinary and broader meaning. In our opinion the term of office of the petitioner expired on January 31, 1950.

*Judgment for the respondent.*