ONA SHORT, APPELLEE AND CROSS-APPELLANT, v. WILLARD KISSINGER ET AL., APPELLANTS AND CROSS-APPELLEES.

168 N. W. 2d 917

Filed June 13, 1969. No. 37109.

George D. McArthur, for appellants.

William M. Connolly and David N. Shepherd, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The civil service commission of Hastings, Nebraska, in order to certify eligibles for fire chief, held an examination for original entrance, not for promotion. The highest scorer, an outsider, won the appointment, but a taxpayer challenged it in this mandamus action. After a trial the district court awarded peremptory mandamus. On appeal by respondents the question concerns authority for the examination.

For years no one held the rank of assistant chief in the Hastings fire department, a captain occasionally acting as chief. Since the chief was to retire in April

1968, the mayor requested the civil service commission to certify eligibles between ages 30 and 55. In the opinion of commission members the vacant position of assistant chief precluded promotional competitive examination. The examination for original entrance was taken by three fire captains of Hastings and scores of applicants diligently solicited outside the department. The commission certified three eligibles: (1) Aurcle Bradshaw, age 50, chief instructor in the fire department of Wichita, Kansas, and the highest scorer; (2) a fire captain in Denver, Colorado; and (3) a fire prevention officer in Silver Spring, Maryland. Bradshaw was appointed.

An ordinance provided: "For Fire Service an applicant shall not be less than 25 years nor more than 35 years of age. . . . Vacancies in positions above the lowest grades in the competitive class that are not filled by transfer, reinstatement or reduction, shall be filled as far as practicable by competitive promotional tests . . . (8) . . . Promotions in the Fire . . . Department shall be from class to class, from the lowest to the highest class in the department. . . . (9) Vacancies. Insofar as practical, all vacancies to highest position shall be filled by promotion."

Statutory provisions governing Hastings read: "It shall be the duty of the civil service commission to: . . . (9) certify, on a written request, when a vacant position is to be filled, to the appointing authority the name of the person highest on the eligible list for the class. If there is no such list, to authorize a provisional or temporary appointment list of such class." § 19-1804, R. R. S. 1943. "Whenever a position in the classified service becomes vacant, the appointing power shall make requisition upon the commission . . .. The commission shall certify the names of the persons willing to accept such employment who are the three highest on the eligible list for the class to which the vacant position has been allocated. . . . If there is no appropriate eligible

list for the class, the commission shall certify . . . the names of the persons on its list who are held appropriate for such class." § 19-1810, R. S. Supp., 1967.

The district court awarded peremptory mandamus along these lines: The city council was to select a provisional chief from the three captains. Notification of the examination was to go to (1) all Hastings firemen and (2) others who satisfied requirements of residence and age between 21 and 35 years. Should candidates who were probably qualified be too few, the commission would have authority to open the examination to nonresidents between ages 21 and 35.

A civil service commission certifying eligibles for fire chief has broad discretion in the absence of legislative restriction to choose between examinations for promotion and examinations for original entrance. Cf. Timmins v. Civil Service Commissioners, 276 Mass. 142, 177 N. E. 1, 75 A. L. R. 1232. We interpret the ordinance as follows: The maximum age specification of 35 years for original entrance into fire service related only to the lowest rank, fireman. Promotional examination for chief was required if practical. The commission acted within the bounds of its discretion to certify eligibility on merit. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.