*Richard Krinsky* for the defendant.
*Joseph M. Cohen* for the plaintiff.

RICHARD C. JOSEPH *vs.* ADMINISTRATOR OF THE DIVISION OF PERSONNEL ADMINISTRATION & others.[1]  February 23, 1981.  Joseph, acting chief of Norwell's police department, seeks declaratory relief concerning the certification by the administrator to the selectmen (as the town's appointing authority) of an eligible list for the appointment of a chief of police.  The case was heard on a stipulation of agreed facts, which states among other things that the town's police force is within the official service of the civil service system.

On July 31, 1978, the town's former police chief retired.  The selectmen asked the administrator to conduct an open competitive examination for filling the vacancy.  The written portion of such an open competitive examination, advertised as such, was held on August 19, 1978.  The examination was not conducted as a *promotional* examination.  Joseph met the experience requirement advertised for the position but failed to meet physical standards for an *original* appointment, which would not apply to a *promotional* examination.  He was deferred for medical reasons.  He is a veteran, but not a disabled veteran, of the Korean conflict.

In September, 1979, the administrator established an eligible list, on which names were placed in the following order: (1) disabled veterans, (2) veterans, (3) others.  Joseph's name was not placed on this list because of his medical deferment.  Thereafter on September 28, 1979, the administrator certified to the town, the top four names, all disabled veterans, as the eligible list, for appointment as chief of police.

Civil service positions may be filled in two ways under G. L. c. 31:[2] (a) by *original* appointment under § 6 or (b) by *promotional* appointment under § 7.  In plain language, § 6, fourth par. provides that "[a]n appointing authority may requisition to fill *any* position by original appointment pursuant to this section" (emphasis supplied).  Read with § 6, the first paragraph of § 59 is to the same effect.  We hold that a town, whose police force is within the official service, may select either open competitive or promotional procedures.  Departmental practice has been in accord with this interpretation and various non-entry level public safety positions have been filled by original appointment.  Weight is to be attached to such departmental interpretations.  See *Cleary* v. *Cardullo's, Inc.*, 347 Mass. 337, 343 (1964); *Baker Transp., Inc.* v. *State Tax Commn.*, 371 Mass. 872, 877 (1977).

Under § 6, second par., the examination for an original appointment must be open to both civil service employees and non-civil service employees.  Original appointments are subject to a veteran's preference under

---

[1] The selectmen, who are the appointing authority of the town of Norwell.

[2] References to G. L. c. 31 in this opinion are to that chapter as amended by St. 1978, c. 393, § 11.

G. L. c. 31, § 26, first par., in which disabled veterans, in the order of their respective examination standings, are given the highest preference. Because a residency preference under § 58, third par., has not been argued as a ground of appeal, we disregard it.

Joseph contends that an original appointment cannot be made because all four persons placed on the eligible list had reached age thirty-two. He relies on G. L. c. 31, § 58, second par., which provides that "an applicant for . . . examination for original appointment to . . . the position of *police officer* in a . . . town" (emphasis supplied) shall not have reached his thirty-second birthday by the last day for filing an application. The trial judge, in his careful order for judgment, correctly ruled that this provision applies only to those seeking the entry level of "police officer," a term defined in the Civil Service Division's "Muni-class Manual" (a master Statewide municipal classification plan), Code No. 0083A, as ordinarily involving "[n]o supervision . . . over other employees." Obviously, a police chief's position involves the exercise of supervision of others.

The term police "officer" in G. L. c. 31, seems confined to the lowest level of members of the "police force." The latter term often is used in the statutes where a more inclusive reference to all or several levels in the police department is intended. See e.g. §§ 58 to 65. Also, any interpretation of the thirty-two year age limit as applying to a police chief requirement would lead to an absurd result, see *McCarthy* v. *Woburn Housing Authy.*, 341 Mass. 539, 542 (1960), rather than a construction by which the statutory provisions operate together harmoniously. See *McCue* v. *Director of Civil Serv.*, 325 Mass. 605, 611 (1950); *Jones* v. *Wayland*, 380 Mass. 110, 118 (1980).

Joseph relies in some degree on *Timmins* v. *Civil Serv. Commrs.*, 276 Mass. 142, 144 (1931), and *MacCarthy* v. *Director of Civil Serv.*, 319 Mass. 124, 126 (1946). The *MacCarthy* case did not deal directly with the issue before us. The *Timmins* case is relied upon by Joseph because of a dictum based on the provisions of former G. L. c. 31, §§ 20 & 20A (provisions amended extensively after the *Timmins* case; see, e.g., St. 1947, c. 354, § 1, and St. 1969, c. 196). Each case was decided before the comprehensive revision of G. L. c. 31 by St. 1978, c. 393, § 11. Neither case can affect what we view as the plain provisions of the new revised c. 31.

*Judgment affirmed.*

*Betty E. Waxman*, Assistant Attorney General, for Administrator of the Division of Personnel Administration.

*Robert E. Keane* for the plaintiff.

*Edward P. Ryan*, Town Counsel, for Board of Selectmen of Norwell.