MASSACHUSETTS ORGANIZATION OF STATE ENGINEERS AND SCIENTISTS *vs.* COMMISSIONER OF ADMINISTRATION & others.[1] No. 89-P-337. July 24, 1990. *Civil Service*, Collective bargaining. *Commonwealth*, Collective bargaining, Officers and employees. *Arbitration*, Authority of arbitrator.

We may take as a jumping-off point our relatively recent opinion in *Fall River* v. *Teamsters Union, Local 526*, 27 Mass. App. Ct. 649, 651-654 (1989), in which we discussed the interplay of collective bargaining agreements and the civil service law. This case falls under that subject heading. It concerns an arbitrator's award which permitted the Department of Environmental Quality Engineering (DEQE) to establish for the position of

---

[1]Office of Employee Relations and Department of Environmental Quality Engineering (known since 1989, by reason of St. 1989, c. 240, § 101, as the Department of Environmental Protection).

Senior Sanitary Engineer a six-year experience qualification, two years more than a four-year entrance requirement established by the State personnel administrator.

In the *Fall River* case, which, as here, concerned a provisional appointment (see G. L. c. 31, §§ 12-14), we rehearsed principles applicable to the sort of case now before us. Those principles included the following: (1) Review of an arbitration award proceeds with a strong disposition in favor of the arbitrator's award. (2) Among the limited "strong medicine" reasons which warrant reexamination of an arbitration award is that the arbitrator has exceeded the authority conferred (G. L. c. 150C, § 11[a][3]). (3) Chapter 31 of the General Laws, the civil service law, may not be superseded by the terms of a collective bargaining agreement because it is *not* one of the statutes enumerated in G. L. c. 150E, § 7(d). (4) As to provisional appointments, they are regulated by the civil service law but there is some limited room for establishing promotion criteria through collective bargaining, e.g., as in *Fall River*, introducing seniority as a factor. (5) The collective bargaining agreement is paramount unless it contravenes civil service policy, as expressed in legislative mandate, i.e., the agreement may not distort any policy of the civil service law. *Fall River* v. *Teamsters Union, Local 526*, 27 Mass. App. Ct. at 651-654. See also *Somerville* v. *Somerville Mun. Employees Assn.*, 20 Mass. App. Ct. 594, 597-598 (1985). We are of opinion that the case before us presents such a conflict with the civil service law and that the Superior Court judge, who heard the case on a complaint under G. L. c. 150C, § 11, correctly vacated the arbitrator's award.

The case has been pressed by the Massachusetts Organization of State Engineers and Scientists (MOSES) as the bargaining representative of Joseph Shepherd, a member. Shepherd was an assistant sanitary engineer with DEQE. He had more than four, but less than six, years of "full-time or equivalent part-time professional experience," and, thus, was barred by DEQE from applying for a promotion to one of two senior sanitary engineer openings.

Under the civil service law, the State personnel administrator establishes minimum entrance requirements which a job aspirant must possess to sit for a competitive examination or to be eligible for consideration as a provisional appointee pending a competitive examination. The sources of the personnel administrator's authority to set minimum entrance requirements lie in G. L. c. 31, § 5(f), which confers the power and duty to establish mandatory standards for civil service positions, and § 18, which requires the personnel administrator to post notices of civil service examinations, including the entrance requirements for the examination. Among the categories of minimum entrance requirements which the personnel administrator sets are education "and alternatives thereto" such as experience and training. See G. L. c. 31, § 21, as appearing in St. 1978, c. 393, § 11.

As the personnel administrator's statutory duty to establish entrance requirements to sit for examinations or, as here, to be eligible for provisional appointment, has its source in G. L. c. 31, those requirements may not be altered on the appointing authority's own motion or through collective bargaining or arbitration. *National Assn. of Govt. Employees, Local Rl-162 v. Labor Relations Commn.*, 17 Mass. App. Ct. 542, 544-545 (1984). *Everett v. Teamsters, Local 380*, 18 Mass. App. Ct. 137, 140 n.3 (1984). *Fall River v. Teamsters Union, Local 526*, 27 Mass. App. Ct. at 651. The establishment of entrance requirements is distinguishable from the job descriptions which the personnel administrator is required by G. L. c. 30, § 45, to make in connection with establishing and keeping an office and position classification and pay plan for the Commonwealth.[2]

The personnel administrator having established four years as the minimum experience criterion to be eligible for consideration as a senior sanitary engineer, it was not open to DEQE, on its own motion or through collective bargaining, to raise the threshold to six years. This does not mean that superior experience, training, and performance on the job become irrelevancies. It is open to appointing authorities to consider superior qualifications among eligible candidates for a provisional appointment, just as it is open to an appointing authority, within limits, to weigh factors among those who rank as the top three on a civil service examination. G. L. c. 31, §§ 6-8, 27. *Fall River v. Teamsters Union, Local 526*, 27 Mass. App. Ct. at 651.

*Judgment affirmed.*

*Joseph M. Daly* for the defendants.
*James F. Norton* for the plaintiff.

---

[2]General Laws c. 150E, § 7(*d*)(*k*), places G. L. c. 30, § 45, among the statutes which may be superseded by the terms of a collective bargaining agreement.