Garsh, J.
Defendant. Joseph F. Sylvia (“Sylvia”), after being bypassed by the plaintiff, the Mayor and Appointing Authority for the City of New Bedford (the “Appointing Authority”), for an appointment to the New Bedford Fire Department (“Department”), filed an appeal with the Civil Service Commission (“Commission”). The Commission found the reasons for Sylvia’s bypass to be insufficient and ordered both that the Appointing Authority place Sylvia’s name at the top of the certified list and that it appoint Sylvia to the Department’s next available opening. Plaintiff seeks judicial review of the Commission’s decision pursuant to G.L.c. 31, §44.
For the following reasons, the decision of the Civil Service Commission is MODIFIED by vacating the *586 order that the Appointing Authority appoint Sylvia to the Department’s next available opening.
FACTUAL BACKGROUND
On Januaiy 20, 1990, Sylvia took the firefighter’s examination and received a score of 99. He subsequently became eligible for appointment as a firefighter.
In 1991, the Appointing Authority bypassed Sylvia on the certified list for permanent full-time firefighters. Pursuant to G.L.c. 31, §27, the Appointing Authority filed “a written statement of reasons” for the bypass with the Department of Personnel Administration (“DPA”). The DPA approved the reasons, and Sylvia appealed to the Commission. In a decision dated September 20, 1993, the Commission found the stated reasons sufficient and upheld the Appointing Authority’s decision to bypass Sylvia.
On September 3, 1993, the DPA issued a certification for the appointment of additional firefighters. The Appointing Authority again bypassed Sylvia and filed written reasons with the DPA, which approved the reasons. Sylvia appealed to the Commission pursuant to G.L.c. 31, §2(b). A three-member majority of the Commission concluded that the action taken by the Appointing Authority was based upon “tainted information with little or no documentation” and that Sylvia had been improperly bypassed. The Commission ordered that the Appointing Authority place Sylvia’s name at the top of the current certified list, appoint Sylvia to the next available opening, and, upon satisfactory completion of his trial period, grant Sylvia retroactive seniority. The Chairman and one other member of the Commission dissented, concluding, in part, that the directive that Sylvia be appointed to the next available opening “exceeds that which the Commission may permissibly grant in such circumstances pursuant to Chapter 31, Section 2(b) of the General Laws.”
The Appointing Authority seeks judicial review of the Commission’s decision pursuant to G.L.c. 31, §44, and it has refused to appoint Sylvia to a current firefighter opening. Sylvia moved for a preliminary injunction, following which the parties agreed that the matter was ripe for final decision and stipulated that no further appointments would be made to the Department while this matter was pending.
DISCUSSION
A. Standard of Review
An aggrieved party may seek judicial review in the superior court, pursuant to G.L.c. 31, §44, from a final order or decision of the Commission and such a proceeding is governed, insofar as is applicable, by the provisions of G.L.c. 30A, §14. Pursuant to G.L.c. 30A, §14, the reviewing court may affirm, reverse, remand, compel action, or modify a state agency’s decision if the court determines “that the substantial rights of any party may have been prejudiced because the agency decision” is, among other reasons, “in excess of statutory authority or jurisdiction of the agency,” “based on an error of law,” or “otherwise not in accordance with law.” G.L.c. 30A, §14(b), (c), (g).
The party appealing the administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing an agency’s decision, the court is required to give due weight to the discretionary authority conferred upon the agency by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). Nevertheless, “(a]n erroneous interpretation of a statute by an administrative agency is not entitled to deference.” Woods v. Executive Office of Communities & Development, 411 Mass. 599, 606 (1992). A court may overrule an agency interpretation that is unreasonable or inconsistent with the plain terms of the statute. Warcewicz v. Department of Envtl. Protection, 410 Mass. 548, 550 (1991).
B. The Commission’s Order
Plaintiff does not challenge the Commission’s finding that the reasons for Sylvia’s bypass were insufficient. Nor does plaintiff challenge the Commission’s authority to order that Sylvia be placed at the top of the certification list and that Sylvia be given retroactive seniority upon being hired. The sole basis for the appeal is that the Commission lacks power to order the Appointing Authority to appoint Sylvia to the Department’s next opening. This Court agrees.
In Mayor of Revere v. Civil Service Comm’n, 31 Mass.App.Ct. 315, 319-20 (1991), the Appeals Court assumed that the Commission had no authority to order the appointment of a particular individual. The Court stated: “(rjecognizing that the commission could not order the appointment of [the bypassed candidate], see Goldblatt v. Corporate Counsel of Boston, 360 Mass. 660, 666 (1971), the commission merely ordered [the bypassed candidate’s] name to the top of the forthcoming eligibility list for chief of police . . .” Sylvia[2] argues that this language in Mayor of Revere deserves no weight because it is dictum that misreads Goldblatt.[3]
 id="b312-16">Goldblatt involved a review of a Commission decision upholding an appointment to a civil service position. The Court stated that “[t]he appointing authority . . . may not be required to appoint any person to a vacant post.” Id. at 666. While it is true, as Sylvia points out, that Goldblatt was addressing the judiciary’s, and not the Commission’s, power to order the appointing authority to hire a particular individual, that distinction is not critical because a Commission order would equally undercut the discretion of the appointing authority which Goldblatt sought to protect. Moreover, Commissioner of the Metro. Dist. Comm’n v. Director of Civil Service, 348 Mass. 184 (1964), cited in Goldblatt in support of the principle that the appointing authority cannot be ordered to *587 appoint a named individual to a specific position, is not limited to judicial directives. Commissioner of the Metro. Dist. Comm’n discusses that principle in the context of the appropriateness of legislation directing an appointing power to appoint a certain class of individuals. Id. at 188.
The dictum in Mayor of Revere is consistent with established law that “the commission does not make appointments . . . The appointing power has a right of selection.” Timmins v. Civil Service Comm’rs, 276 Mass. 142, 145 (1931). There is no functional difference between the Commission appointing Sylvia to the position of firefighter and the Commission mandating that the Appointing Authority so appoint Sylvia. Chapter 31 contains no explicit grant of authority to the Commission to order an appointing authority to appoint a specific candidate. In fact, by issuing such orders, the Commission is acting contrary to the statutory scheme.
General Laws c. 31, §27 provides that whenever an appointing authority bypasses an individual whose name is higher on the list of qualified persons, the appointing authority must immediately file with the DPA a written statement of its reasons for appointing the person whose name was not highest. “Such an appointment of a person whose name was not highest shall be effective only when such statement of reasons has been received by the administrator [of the DPA].” G.L.c. 31, §27. In this context, “received” means that the DPA has approved the reasons as sufficient. MacHenry v. Civil Service Comm’n, 40 Mass.App.Ct. 632, 635 (1996). Thus, the appointing power is placed in the hands of the appointing authority, and all the DPA is authorized to do is ensure that, if the highest-ranking candidate is not appointed, the appointing authority has sufficient reasons for appointing a lower-ranked candidate.
If the DPA finds that the reasons are not sufficient, by automatic operation of the statute, the appointing authority is back to square one because the appointment of the person who should not have been appointed has never become “effective.” If, on the other hand, the DPA finds that the reasons are sufficient, the bypassed candidate may appeal to the Commission pursuant to G.L.c. 31, §2(b), which may reverse the DPA’s approval of the bypass reasons. A reversal has the same effect as the DPA’s finding that the reasons are insufficient. Nothing in Section 2, which sets out the powers and duties of the Commission, purports to grant the Commission the power to abrogate the appointing authority’s right to appoint someone other than the highest ranking candidate simply because one set of reasons advanced by the appointing authority has been rejected.
Sylvia argues that ordering a candidate to be placed at the top of the certified list and ordering the appointment of a candidate are one and the same because an appointing authority must always appoint the candidate who is at the top of the list. His premise is incorrect. Sylvia’s position on the certified list gives him no right to an appointment. “[IJndividuals do not have a vested right in their particular positions on the eligibility list once it is established.” Callanan v. Personnel Adm’r, 400 Mass. 597, 601 (1987).
General Laws c. 31, §27 permits the appointing authority to appoint any one of the three names on the eligibility list. See, e.g., Massachusetts Org. of State Eng’rs and Scientists v. Commissioner of Admin., 29 Mass.App.Ct. 916, 918, rev. denied 408 Mass. 1103 (1990) (“It is open to appointing authorities to consider superior qualifications among eligible candidates for a provisional appointment, just as it is open to an appointing authority, within limits, to weigh factors among those who rank as the top three on a civil service examination. G.L.c. 31, §§6-8, 27.”); Fall River v. Teamsters Union, Local 526, 27 Mass.App.Ct. 649, 651, rev. denied 406 Mass. 1101 (1989) (“An underpinning of the civil service structure is that original and promotional appointments will be made from a list of persons declared eligible on the basis of competitive examination. G.L.c. 31, §§6-8 ... If the appointing authority elects to appoint a person other than one who stands first on the list, it must explain its reasons in writing to the State personnel administrator.”); Lavash v. Kountze, 473 F.Supp. 868, 871 (D.Mass 1979) (candidates who score highest on civil service exams are not statutorily guaranteed appointment or promotion, but only a “reasonable expectancy that someone on the list will be selected”).
The Commission’s order to appoint Sylvia to the next available position not only encroaches upon the Appointing Authority’s discretion, but it also ill serves the purpose of the Civil Service Act. By not making the appointment of the lower ranked candidate effective until the reasons for the bypass have been approved, Section 27 promotes the purpose of the civil service system — to minimize political influence in public employment and to protect public employees from partisan political control. Debnam v. Belmont, 388 Mass. 632, 635 (1983). It is only by the act of rendering ineffective the appointment of a lower-ranking candidate when the appointing authority fails to provide sufficient reasons for the bypass that the statute ensures that persons who may have obtained their position through partisan political influence do not enjoy the fruits of that influence.
As for Sylvia’s argument that it is more equitable to order that Sylvia be appointed to the next available opening than to render ineffective the appointments of those who were lower-ranked, Section 27 puts candidates on the list on notice that a bypass appointment is not effective until DPA approves the bypass reasons; Section 2(b) puts candidates on notice that DPA decisions are reviewable by the Commission; Section 44 puts candidates on notice that Commission decisions are judicially reviewable. To the extent that *588 the Commission believes that the purpose of the act could be achieved in a different and fairer way, that argument must be addressed to the General Court.
In sum, the Commission acted in excess of its statutory authority or otherwise not in accordance with law when it ordered the Appointing Authority to appoint Sylvia to the next available opening.
ORDER
For the reasons set forth above, it is hereby ORDERED that the decision of the Civil Service Commission, dated February 23, 1996, be MODIFIED by vacating the Commission’s order that the Mayor of the City of New Bedford appoint Joseph F. Sylvia to the New Bedford Fire Department’s next available open-ing_

The Commission chose not file a memorandum of law. Although the dissenters objected on the grounds that the Commission had no authority to order the Appointing Authority to appoint Sylvia to the next available opening, citing Goldblatt v. Corporate Counsel of Boston, 360 Mass. 660, 666 (1971), and Mayor of Revere v. Civil Service Comm'n, 31 Mass.App.Ct. 315 (1991), the majority opinion contains no discussion of this issue.

Sylvia alternatively argues that the holding in Goldblatt, and therefore, by extension, the language in Revere, is inapplicable because it is limited to those situations in which the agency has acted in good faith. Assuming the holding is so limited, the record does not, in any event, support Sylvia’s contention that the Commission found that the Appointing Authority did not act in good faith.