JOHN M. McDOWELL & another *vs.* JAMES M. HURLEY & others.

Suffolk.    May 16, 1935. — June 25, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Civil Service.*

There was nothing inconsistent with the duty of the civil service commissioners under G. L. (Ter. Ed.) c. 31, § 3 (d), to make "Promotions, if practicable, on the basis of ascertained merit in the examination and seniority of service" where the commissioners, in examining applicants for promotion in the civil service, required of them as parts of the examination and gave weight to written statements as to their education and experience both within and without the civil service and as to details of seniority, and a short oral test for the purpose of judging their personalities, as well as written answers to problems pertaining to the office sought.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on October 24, 1934.

The petition was dismissed by order of *Crosby,* J. The petitioners alleged exceptions.

*E. L. Doyle,* (*S. Kostick* with him,) for the petitioners.

*C. F. Lovejoy,* Assistant Attorney General, for the respondents.

QUA, J. This is a petition for a writ of mandamus brought by two applicants for promotion to the position of deputy

assessor in the assessing department of the city of Boston. The petitioners have taken a "promotional examination" which was held under the direction of the respondents and are dissatisfied with the rating which they received. They pray that the court order the respondents "to void said examination" and to reëxamine all applicants. The single justice dismissed the petition as matter of law.

The petition is founded upon allegations that the respondents failed to conduct the examination "on the basis of ascertained merit" and "seniority of service," as required by G. L. (Ter. Ed.) c. 31, § 3 (d), in that they received as a part of the examination and gave credit to self-serving statements of applicants as to their training and experience acquired outside the official service, not "equivalent to" ascertained merit, and to the detriment of those having seniority within the service, and in that weight was given to oral interviews with the applicants, which had no relation to ascertained merit or seniority of service.

Both in their petition and throughout their conduct of the case the petitioners seem to have overlooked the fact that G. L. (Ter. Ed.) c. 31, § 3, does not prescribe the method of conducting examinations, but prescribes only the general character of the rules which the commissioners shall establish. Failure to establish the required rules is not alleged as a ground of complaint.

But even if we assume it to be open to the petitioners to contend that the examination was not conducted in accordance with such rules as the statute contemplates, no error is shown. The auditor finds that the examination was divided into three parts:

(1) The "Experience Sheet," which consisted of a paper handed in to the examiner on which the applicant under penalty of perjury answered questions as to education and previous experience, including full details of seniority claims. Apparently applicants were permitted to include statements of their experience in other than public service, and these petitioners availed themselves of that privilege.

(2) A written examination covering problems which might arise in the administration of the office applied for.

(3) An oral examination lasting less than three minutes for the purpose of judging the personality of the candidate.

Weight was given to these three elements in the proportions respectively of 3, 4 and 3 on a scale of 10. The objections of the petitioners are directed against the experience sheet and the oral examination.

We see nothing in this method of examining inconsistent with G. L. (Ter. Ed.) c. 31, § 3 (d), which in its entirety reads: "Promotions, if practicable, on the basis of ascertained merit in the examination and seniority of service." The experience sheet, on the findings of the auditor, was in itself a part of the examination, not a means of obtaining information outside of the examination. It was a method of ascertaining merit of a type constantly used by private employers, and it contained the facts necessary to show seniority of service. Statements of this nature are required of applicants by G. L. (Ter. Ed.) c. 31, § 13. There is no requirement of law that examinations be in writing. We cannot say that a short oral examination "to judge the personality of the candidate" does not tend in a practical way to ascertain merit. Examinations are required to be "practical" and to "test the capacity and fitness of the applicants." G. L. (Ter. Ed.) c. 31, § 10. The statute does not attempt to say how much weight shall be given, "if practicable," to ascertained merit or to seniority of service as opposed to each other. There is nothing to show that each did not receive due consideration here. The auditor says he finds no evidence that seniority was not considered in the selection of the names to be certified.

*Exceptions overruled.*