JOHN J. McNAMARA & others *vs.* DIRECTOR OF CIVIL SERVICE & others
(and a companion case [1]).

Suffolk.    November 5, 1952. — February 27, 1953.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Civil Service. Veteran. Constitutional Law,* Public employment, Veteran, Equality before the law, Delegation of powers, Opinions of the Justices. *Regulation. Certiorari.*

Nonveterans in the civil service whose rights were adversely affected by decisions of the civil service authorities in accordance with the second paragraph of civil service rule 21 providing for a preference to veterans in competitive examinations for promotion were entitled to challenge

---

[1] The companion case is that of Walter J. Wilson against the same respondents.

McNamara *v.* Director of Civil Service.

the validity of the rule by certiorari proceedings to quash such decisions. [25]

The second paragraph of civil service rule 21 providing for a preference in competitive examinations for promotion to veterans who obtain a passing mark is constitutional. [25–27]

G. L. (Ter. Ed.) c. 31, § 3, cl. 1 (g), requiring provision in the civil service rules for "Preference to veterans in appointment and promotions" is not an unconstitutional delegation of legislative power. [27–28]

The second paragraph of civil service rule 21 providing for adding "two points to the general average mark" obtained by a veteran in a competitive examination for promotion properly contemplates adding two whole points to a general average mark expressed in whole points and a decimal fraction of a point. [28]

A question dealt with in an advisory opinion of the Justices, upon being subsequently raised in litigation, must be considered anew by this court. [28–29]

Two PETITIONS, filed in the Supreme Judicial Court for the county of Suffolk on May 6, 1952.

The cases were reported by *Spalding*, J., without decision.

*Reuben Goodman*, for the petitioners.

*Henry P. Fielding*, Assistant Attorney General, for the respondents.

QUA, C.J. These are two petitions for writs of certiorari brought respectively by nonveteran lieutenants in the fire department of the city of Boston and by a nonveteran lieutenant in the police department to quash rulings of the respondent director, sustained by the respondent commissioners of the civil service commission, whereby in accordance with paragraph 2 of civil service Rule 21 the director has added or will add "two points to the general average mark obtained by any veteran" at competitive promotional examinations which the petitioners have taken or may hereafter take for the position of captain in their respective services. The petitioners insist that the rule is invalid.

The cases are here by report of a single justice of this court. The facts are to be ascertained from the returns of the respondents. *Morrissey* v. *State Ballot Law Commission*, 312 Mass. 121, 124–127. The petitioners contend that the returns adopt as proved facts the statements made in sworn petitions addressed by the petitioners to the director. We do not so construe the returns. The returns contain their

own findings of fact which we must accept as the bases of the commission's decisions. We may add, however, that the result of this opinion would be the same if all direct statements of pure fact contained in the petitions were also accepted as correct. Statements in the petitions consisting of argumentative conclusions are incorporated in the arguments in the petitioners' brief and are considered in that connection.

The crucial facts appearing from the returns are in substance these: The second paragraph of Rule 21, with which we are here concerned, reads as follows, "In competitive examinations for promotion to any position in the Classified Official Service the Director shall add two points to the general average mark obtained by any veteran . . . providing such veteran has first obtained a passing mark in said examination." As the result of a promotional examination for the position of captain in the fire department held in August, 1949, the three petitioners in the first case stood upon the eligible list in the order of thirty-one, thirty-two, and thirty-three. The list contained names of veterans and of nonveterans. If it had not been for the two point preference to veterans required by Rule 21 these petitioners would have stood upon the list in the order of thirteen, fourteen and fifteen. Before that list expired by operation of law (G. L. [Ter. Ed] c. 31, § 12, second paragraph, as amended by St. 1951, c. 27) twenty-three promotions to captaincies were made from it. Apparently therefore, if it had not been for Rule 21, the three petitioners in the first case would in ordinary course have been certified for promotion. As a result of a promotional examination for the position of captain in the police department held in December, 1949, the petitioner in the second case stood as number fifteen on the eligible list. This list also contained names of veterans and of nonveterans. If it had not been for the two point preference to veterans the petitioner would have stood as number ten. During the two year life of that list four promotions to captaincies were made from it. Apparently this petitioner would not in ordinary course

have been certified, even if there had been no two point preference to veterans.

All petitioners assert that the practical effect of Rule 21 has been and will continue to be to push them and other nonveterans so far down on successive lists of eligibles that practically all chance of promotion is permanently denied to them. We cannot fully accept this assertion, since names of nonveterans may and in fact have appeared upon the lists of eligibles, and if the petitioners attain sufficiently high marks in their examinations they will stand ahead of veterans and will be certified for promotion. Indeed, the petition in the first case states that one nonveteran on the list did succeed in attaining a sufficiently high mark in spite of the two point preference to veterans and was promoted to a captaincy. It is clear, however, that Rule 21 is a substantial and permanent obstacle to the promotion of nonveterans, and that in some circumstances, especially at the present time when doubtless available veterans are comparatively numerous, it may be a very serious obstacle. The petitioners' rights are adversely affected by the rule, and they may challenge its validity in these proceedings. *Kenworthy & Taylor, Inc.* v. *State Examiners of Electricians,* 320 Mass. 451. See *Nichols* v. *Commissioner of Public Welfare,* 311 Mass. 125, 130.

The petitioners' first contention is that the second paragraph of Rule 21 is unconstitutional.[1]

The constitutionality of veterans' preference in the civil service has been on several occasions the subject of most careful consideration by this court and in advisory opinions of the Justices. Two propositions must now be deemed established. (1) Any absolute preference to veterans as the result of which the appointing authority is obliged to appoint them to office in preference to others without regard to fitness is unconstitutional. *Brown* v. *Russell,* 166 Mass. 14. (2) But if the fitness of the veteran is first deter-

---

[1] The petitioners refer particularly to arts. 1, 6, and 7 of the Declaration of Rights, all of which deal in some degree with the right of equality before the law.

mined by passing an examination such as is required by
Rule 21 he may be given a preference in actual employment.
This second proposition was first announced by a majority
of the Justices in *Opinion of the Justices,* 166 Mass. 589, but
it has subsequently been adopted unreservedly in actual de-
cisions of the court. *Mayor of Lynn* v. *Commissioner of Civil
Service,* 269 Mass. 410. *Smith* v. *Director of Civil Service,*
324 Mass. 455, 460–461. See *McCue* v. *Director of Civil
Service,* 325 Mass. 605. The history of the subject was re-
viewed with full citation of our cases up to that time in
*Opinion of the Justices,* 324 Mass. 736, 740–742. Nothing
would be gained by again considering and weighing the
arguments one way and the other in this difficult field. It
must be deemed established as matter of authority that, at
least as to original appointments, a preference like that
brought about by Rule 21 to veterans who have already
passed a qualifying examination is not unconstitutional.

The petitioners contend that promotions in the public
service stand in a position different from that of original
appointments to that service. They insist that whatever
value the military experience of an applicant may have in
fitting him for original appointment is gradually lost as he
accumulates new experience, and that it is therefore un-
reasonable and arbitrary to continue to give weight to mili-
tary training in the matter of promotions. They further
assert that the present rule is harmful to the public service
in that it creates a class of civil servants, some of whom
have served for many years, and to whom promotion is
permanently practically barred; that morale is impaired by
the shutting off of opportunity to obtain recognition for long
and faithful service; and that most of the burden of en-
couraging patriotism by rewarding veterans for military
service is compelled to be borne by the relatively small
group of nonveteran civil service employees rather than by
the community as a whole.

Although, as already indicated, the petitioners' assertions
as to the facts upon which their arguments rest cannot be
accepted without some qualification, nevertheless it cannot

be denied that there is force in the arguments. We are of opinion, however, that such differences as exist between the granting of preferences to veterans in original examinations, which is sustained by authority, and the granting of similar preferences in promotional examinations, which is now challenged, are primarily differences in degree rather than in principle, and that it would be going too far for a court to attempt to draw a constitutional line between the two kinds of preferences. We cannot follow the views of a bare majority of the Supreme Court of Pennsylvania in *Commonwealth* v. *O'Neill*, 368 Pa. 369. The dissenting opinion in that case cites many cases holding veterans' preference constitutional without suggesting any distinction between original appointment and promotion. We agree with the unanimous decision of the Supreme Court of Errors of Connecticut in *State* v. *Civil Service Commission of Bridgeport*, 139 Conn. 102.

It is argued that Rule 21 is unconstitutional for the further reason that G. L. (Ter. Ed.) c. 31, § 3, cl. 1 (g), as appearing in St. 1945, c. 702, which is the enabling act under the authority of which the civil service commission promulgated the second paragraph of Rule 21, and which commands simply that the rules shall include provisions for "Preference to veterans in appointment and promotions," delegates too great authority to the commission without necessary specification as to the manner of its exercise. We are not impressed by this argument. From the beginning of the civil service law in this Commonwealth nearly all the details of the classification of positions, of the preparation and holding of examinations, and of the grading of papers have been left to the commission or to the director under provisions of the statutes laying down in very general terms the objects to be accomplished. No doubt this was a practical necessity. Great importance has been attached to the rules. They can be made or amended only with the approval of the Governor and Council and only after public hearings both by the commission and by the Governor and Council, and there are elaborate provisions

for securing wide publicity before the hearings. G. L. (Ter. Ed.) c. 31, § 3, as appearing in St. 1945, c. 702. The validity and effectiveness of these rules have been recognized in innumerable cases of which we mention only *Opinion of the Justices*, 138 Mass. 601, *Attorney General* v. *Trehy*, 178 Mass. 186, *Wells* v. *Commissioner of Public Works of North Adams*, 253 Mass. 416, *Skold* v. *Chief of the Fire Department of Cambridge*, 266 Mass. 513, *McDonald* v. *City Manager of Fall River*, 273 Mass. 368, *Timmins* v. *Civil Service Commissioners*, 276 Mass. 142, *McDowell* v. *Hurley*, 291 Mass. 258, *Younie* v. *Director of the Division of Unemployment Compensation*, 306 Mass. 567, 570, and *McCue* v. *Director of Civil Service*, 325 Mass. 605. No greater degree of delegation is found in the provision of statute upon which Rule 21 rests than in other provisions upon which rest civil service rules that have been in operation and accepted as valid for many decades.

The petitioners contend that the second paragraph of Rule 21 is invalid, and in any event is being wrongly applied, because the "general average mark" is expressed in four digits, two of which are to the right of a decimal point, and the rule does not designate to which digit the two points are to be added. In practice the two points are added to the second digit, which is the one immediately to the left of the decimal point, that is to say, the last digit representing whole "points" and not involving decimal fractions of "points." The result is that the "two points" become practically the equivalent of two per cent of a possible one hundred.[1] No doubt the rule was framed with the marking system in mind. We think that the rule is sufficiently definite; that it complies with the statute; and that its interpretation in practice is a reasonable and proper one. See *McCue* v. *Director of Civil Service*, 325 Mass. 605.

The question of the validity of the second paragraph of

---

[1] According to the petitioners' brief "the general average mark" is the mark obtained from three different methods of examination combined on the principle of weighted average. The system is somewhat complicated, so that the two "points" are not the exact mathematical equivalent of two per cent on a scale of one hundred.

Rule 21 was one of the questions submitted to the Justices by the Governor and Council and answered in the affirmative in *Opinion of the Justices,* 324 Mass. 736. We have, however, as was our duty, reconsidered the question with special reference to the arguments now advanced by the petitioners.

In each case a final judgment is to be entered dismissing the petition.

*So ordered.*