677 A.2d 1200

**Michael M. HOFFMAN, Appellant,**

v.

**The TOWNSHIP OF WHITEHALL, the Township of Whitehall Board of Commissioners; the Civil Service Commission of the Township of Whitehall; Mary Frances Kaminski, in Her Corporate Capacity as Chairperson, Civil Service Commission of the Township of Whitehall; Elizabeth Buchmiller, in Her Corporate Capacity as Township Executive; James Walsh, in His Corporate Capacity as Police Chief, Township of Whitehall; and Linda Bachman, in Her Corporate Capacity as Selectee of the Position of Police Lieutenant, Appellees.**

Supreme Court of Pennsylvania.

Argued Dec. 7, 1995.

Decided June 19, 1996.

Raymond G. Bush, Bethlehem, Michael M. Hoffman, Whitehall, Susan M. Grant, Monument, CO, for Hoffman.

Kent H. Herman, Allentown, for Whitehall et al.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY and CASTILLE, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is a direct appeal from a decision of the Court of Common Pleas of Lehigh County which held that the Veterans' Preference Act, 51 Pa.C.S. § 7101 et seq., is unconstitutional insofar as it accords preferential treatment to veterans seeking promotions in public employment. See 42 Pa.C.S. § 722(7) (direct appeals from courts of common pleas).

The appellant, Michael M. Hoffman, is an honorably discharged veteran of the United States Army and is currently employed by Whitehall Township as a detective in the police department. He seeks promotion to the position of lieutenant. Appellant took the necessary written examination and received a passing score of 79.65. The Civil Service Commission declined to add veterans' preference points to appellant's score. As a result, appellant ranked fourth among the applicants and was eliminated from the final round of three who were considered for the position.

Appellant contends that ten preference points should have been added to his score in accordance with the following provision of the Veterans' Preference Act:

**(a) Commonwealth examinations.**—Whenever any soldier shall successfully pass a civil service appointment or promotional examination for a public position under this Commonwealth, or any political subdivision thereof, and shall thus establish that he possesses the qualifications required by law for appointment to or promotion in such public position, such soldier's *examination shall be marked or graded an additional ten points* above the mark or grade credited for the examination, and the total mark or grade thus obtained shall represent the final mark or grade of such soldier, and shall determine his standing on any eligible or promotional list, certified or furnished to the appointing or promoting power.

51 Pa.C.S. § 7103(a) (emphasis added). The term "soldier," as used in this provision, includes veterans of the armed forces. 51 Pa.C.S. § 7101 (definition of "soldier"). It is undisputed, therefore, that appellant qualifies as a soldier to claim the ten point credit.

If the credit had been awarded, appellant would have been among the top three applicants and would have been placed on the list of final candidates. The following section of the Veterans' Preference Act would then have given appellant preference over the other applicants:

**(b) Name on civil service list.**—Whenever any soldier possesses the requisite qualifications, and his name appears on any eligible or promotional list, certified or furnished as the result of any such civil service examination, the appointing or promoting power in making an appointment or promotion to a public position *shall give preference to such soldier, notwithstanding, that his name does not stand highest on the eligible or promotional list.*

51 Pa.C.S. § 7104(b) (emphasis added).

Although sections 7103(a) and 7104(b) apply to both initial appointments and promotions, their constitutionality is at issue here only with regard to promotions.

Certain types of statutory preferences for veterans seeking initial appointments were characterized as constitutional in *Commonwealth ex rel. Graham v. Schmid*, 333 Pa. 568, 3 A.2d 701 (1938). See also *Brickhouse v. Spring–Ford Area School District*, 540 Pa. 176, 656 A.2d 483 (1995). In *Commonwealth ex rel. Maurer v. O'Neill*, 368 Pa. 369, 83 A.2d 382 (1951), we emphasized the differences between preferences related to initial appointments and preferences related to promotions:

> [T]he legislature, in authorizing the addition of ten percentage points to the veterans' final examination marks in all competitive examinations for higher positions than the original appointments, has placed far too high a value on the benefit to the public service of the military training of veterans. In the case of an original appointment, the training a veteran has received in the armed forces will, no doubt, make him more amenable to the following of orders, the observance of regulations and, in other ways, tend toward making him a desirable employe. But the advantages to the public of this training are not absolute and, as time passes, the proportional benefit accruing to the public from the employment in such a service of veterans in preference to non-veterans gradually diminishes as both become proficient in the performance of their duties. In determining who is to be awarded a promotion, the skill of the particular examinees in the performance of their tasks is the prime consideration and compared to it the training gained by veterans solely as a result of military service becomes of very little importance. To credit veteran examinees in examinations for successive promotions with the same total of gratuitous percentage points as in the instance of their original appointment to a public position is, therefore, a totally unjustified appraisal of the value of their military training and highly prejudicial to the public service.

368 Pa. at 372–73, 83 A.2d at 383. We held that ten-point preferences in the promotion context were unconstitutional. *Id.* at 375, 83 A.2d at 384.

The Veterans' Preference Act was later repealed and reenacted in its present form, effective in 1976. Section 7103(a),

supra, contains the same provision giving veterans a ten-point credit toward promotions as was held unconstitutional in *O'Neill*. Section 7104(b), supra, contains an additional provision that strongly favors veterans. It mandates preference for a veteran who is among the final candidates for promotion, even where the veteran is not the most qualified applicant. A fortiori, if the ten-point credit is unconstitutional, so too must be the mandatory preference in the final selection process. The latter weighs military service no less heavily than does the ten-point credit.

Appellant contends that an amendment to our state constitution eliminated one of the provisions on which *O'Neill* relied, and that *O'Neill* is therefore no longer a valid precedent. Specifically, it is alleged that Art. III, § 7 of the Constitution of Pennsylvania was the basis of *O'Neill*'s holding that the statutory preference for veterans seeking promotions was "unreasonable and class legislation and therefore unconstitutional." 368 Pa. at 375, 83 A.2d at 384. Art. III, § 7 provided that "The General Assembly shall not pass any local or special law ... [g]ranting to any corporation, association or individual any *special or exclusive privilege* or immunity...." (Emphasis added.) *O'Neill* made no express reference to Art. III, § 7. It did, however, cite *Schmid* for the controlling principles as to whether the veterans' preference was constitutional. 368 Pa. at 371–72, 83 A.2d at 383. *Schmid* relied on Art. III, § 7 and constitutional requirements as to the reasonableness of classifications and avoidance of arbitrary privileges. It stated:

> [T]here must be some reasonable relation between the basis of preference and the object to be attained, the preference of veterans for the proper performance of public duties. Public policy, as well as constitutional restrictions, prohibits an unrestrained preference as it does a preference credit based on factors not representative of true value.
>
> ... [W]here war service is appraised ... beyond its value, and the preference goes beyond the scope of the actual advantages gained in such service, the classification becomes void and the privilege is held unreasonable and arbitrary.

333 Pa. at 573–74, 3 A.2d at 704. Thus *O'Neill*, through reliance on *Schmid*, had roots in constitutional provisions that included Art. III, § 7.

In 1967, Art. III, § 7 was amended and renumbered as Art. III, § 32. The amendment deleted the clause that prohibited laws granting special or exclusive privileges. However, language analogous to the deleted clause can still be found in Art. I, § 17, which provides that no law shall be passed "making *irrevocable* any grant of *special privileges or immunities* . . . ." (Emphasis added.)

Appellant contends that Art. I, § 17 differs from former Art. III, § 7 in that it allows preferences for veterans so long as the preferences are not "irrevocable." It is clear, however, that sections 7103(a) and 7104(b), supra, set forth no means by which veterans' preferences can be revoked. Nor does the language of those provisions even suggest that the preferences are revocable. Plainly, the preferences are not conditioned upon any factor or event. Quite obviously, too, one's status as a veteran is not subject to revocation.

Appellant contends that the preferences should be considered revocable because unqualified veterans, like other unqualified applicants, can be excluded from the class of eligible candidates. Appellant notes that veterans, like other applicants, can be excluded from consideration for promotion if they do not meet minimum qualifications or if they are otherwise unfit.* In such cases, however, the preferences are not

---

* See, e.g., 53 Pa.S. § 55637, which provides grounds for rejection of applicants:

> The commission may refuse to examine or, if examined, may refuse to certify after examination as eligible, any applicant who is found to lack any of the minimum qualifications for examination prescribed in the rules and regulations adopted for the position or employment for which he has applied, or who is physically disabled and unfit for the performance of the duties of the position to which he seeks employment, or who is addicted to the habitual use of intoxicating liquors or narcotic drugs, or who has been guilty of any crime involving moral turpitude or of infamous or notoriously disgraceful conduct, or who has been dismissed from public service for delinquency or misconduct in office, or who is affiliated with any group whose politics or activities are subversive to the form of government set forth in the Constitution and laws of the United States and Pennsylvania.

in fact being revoked. Instead, they are simply not applicable to veterans who are not within the class of eligible candidates. We find no basis to conclude that statutory preferences favoring the promotion of veterans are revocable.

Further, although *Schmid* and *O'Neill* had roots in Art. III, § 7, they were not based on that provision alone. As stated in *Brickhouse,* 540 Pa. at 182 n. 2, 656 A.2d at 486 n. 2 (plurality opinion):

The "constitutional restrictions" ... referred to in *Schmid* derived from Article III, Section 7 of the Pennsylvania Constitution....

However, *Schmid* is also grounded on constitutional principles sounding in due process and equal protection:

[Veterans'] preferences have been considered by the courts under constitutional prohibitions against special privileges and unreasonable classification, and while the constitutional provisions differ somewhat in the various jurisdictions, they are similar in that *all permit reasonable classifications and prohibit unreasonable ones and arbitrary privileges.*

333 Pa. at 573, 3 A.2d at 704. (Emphasis added.)

*O'Neill* was similarly grounded in due process and equal protection. In fact *O'Neill* did not even expressly mention Art. III, § 7. The focus of the decision was on the reasonableness of the preference afforded veterans. Whether the classification between veterans and non-veterans was reasonable and whether the preference for veterans was arbitrary were at the core of *O'Neill.*

In short, *O'Neill* was not rendered invalid by the constitutional revision of Art. III, § 7. Under *O'Neill,* sections 7103(a) and 7104(b) of the Veterans' Preference Act are, in the context of veterans seeking promotions in public employment, uncon-

stitutional. Appellant's complaint seeking relief under the Veterans' Preference Act was, therefore, properly dismissed.

Order affirmed.

ZAPPALA, J., files a dissenting opinion which is joined by CASTILLE, J.

CASTILLE, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

I dissent. Like Mr. Justice Castille, I believe that because the 1967 amendments removed the constitutional text supporting the decisions in *Commonwealth ex rel. Graham v. Schmid*, 333 Pa. 568, 3 A.2d 701 (1938), and *Commonwealth ex rel. Maurer v. O'Neill*, 368 Pa. 369, 83 A.2d 382 (1951), those cases cannot be used as a foundation for analyzing the question today. Apart from that text, I see no basis for the courts to inquire into the "reasonableness" of the legislative determination to extend to veterans a preference in employment and promotions.

I also disagree with the majority's interpretation of Article I, Section 17. That section provides that no law shall be passed "making irrevocable any grant of special privileges." Simply put, this means that the legislature may not attempt to prevent future legislatures from revoking any privilege that has been granted; privileges are always subject to being altered or revoked at a later time. It is irrelevant that the Act itself does not contain conditional factors or events by which the preference can be revoked, so long as it does not purport to prevent such revocation.

The majority also errs in directing attention to the fact that a person's status as a veteran is "not subject to revocation." Article I, Section 17 prevents the legislature from making a *privilege* irrevocable. The privilege granted by the Veterans' Preference Act is not one's status as a veteran, it is the advantage in securing employment or promotion. The Act does not attempt to assure that this advantage shall exist in perpetuity, never to be withdrawn. The General Assembly

can revoke it at any time by repealing the Act. Therefore the Act does not violate Article 1, Section 17.

CASTILLE, J., joins this dissenting Opinion.

CASTILLE, Justice, dissenting.

The majority here, relying on *Commonwealth ex rel. Maurer v. O'Neill,* 368 Pa. 369, 83 A.2d 382 (1951), holds that two sections of the Veterans' Preference Act, 51 Pa.C.S. §§ 7103(b) and 7104(b), are unconstitutional only insofar as they give preferential treatment to veterans seeking promotions in public employment. *O'Neill,* however, involved a constitutional provision that was deleted by the 1967 amendments to the Pennsylvania Constitution and hence, is not applicable to the instant matter. Thus, I respectfully disagree with the majority holding which upholds the constitutional distinction set forth in *O'Neill* between original appointments and promotional preferences for veterans. Accordingly, because I believe that these two veterans' preference provisions relating to promotions are constitutional, I must dissent.

In *O'Neill, supra,* this Court, in a four-to-three decision, declared the Veterans Preference Act of May 22, 1945, 51 P.S. § 492.1 *et seq.,*[1] unconstitutional insofar as it provided veterans the same ten point credit towards promotions that they received for original appointments. The *O'Neill* court found that the ten point preference was permissible as to the original appointment setting because veterans are apt to bring more desirable positive attributes (experience, discipline, etc.) to public service than non-veterans. However, the *O'Neill* court declared that the same ten point preference in the promotional setting was unconstitutional since the General Assembly acted unreasonably and hence, unconstitutionally, by placing the same high value on the benefits of military training in the promotional setting as it did in the original appointment setting.

1. The repealed act was virtually the same as the act addressed in the present case.

As the majority here acknowledges, the *O'Neill* Court, through reliance on *Commonwealth ex rel. Graham v. Schmid*, 333 Pa. 568, 3 A.2d 701 (1938), rooted its decision in Article III, Section 7 of the Pennsylvania Constitution of 1874. Article III, Section 7 prohibited the General Assembly from "granting to any corporation, association or individual any special or exclusive privilege or immunity." However, Article III, Section 7 was amended in 1967 and renumbered as Article III, Section 32. This amendment eliminated the above clause contained in the 1874 Constitution that prohibited laws granting special or exclusive privileges.[2]

The Veterans' Preference Act, which was declared unconstitutional by *O'Neill*, was ultimately repealed after the decision in *O'Neill* was rendered. However, in 1976, nine years after the amendments to the Pennsylvania Constitution, the Veterans' Preference Act was reenacted in its present form. Because the amendment to our state constitution eliminated the provision on which *O'Neill* relied and Sections 7103(b) and 7104(b) were reenacted after the constitutional amendment, I believe that *O'Neill* no longer provides valid precedent for the majority's holding that Sections 7103(b) and 7104(b) are unconstitutional as they relate to promotions.

Recognizing that the repeal of Article III, Section 7 places *O'Neill*'s reasoning in jeopardy, the majority attempts to find analogous language in Article I, Section 17 of the Pennsylvania Constitution. Article I, Section 17 prohibits the General Assembly from passing any law "making *irrevocable* any grant of special privileges or immunities ..." Thus, Sections 7103(b) and 7104(b) of the Veterans' Preference Act, as they relate to promotions, will be constitutional as long as the preferences are not irrevocable.

The majority finds that the preferences in promotion are "irrevocable" because one's status as a veteran is not subject to revocation and the preferences afforded by Sections 7103(b) and 7104(b) "are not conditioned upon any factor or event."

---

**2.** Article III, Section 32, now only prohibits the General Assembly from passing any "local or special law in any case which has been or can be provided for by general law ..."

While I agree that one's status as a veteran is not subject to revocation, I cannot agree that the preferences established for promotions in Sections 7103(b) and 7104(b) are not conditioned upon any factor or event. Here, the Veterans Preference Act entitles veterans to an additional ten points on his or her civil service exam grade for a promotion as well as a preference for a promotion. However, these benefits are conditioned upon veterans achieving a passing score on their exams and meeting the qualifications for the promotion. *See also* 53 Pa.S. § 55637 (applicants, including veterans, can be rejected for promotion if person lacks the minimum physical and educational qualifications for the position or is generally unfit for the position because of either an alcohol or drug dependency or conviction of a crime involving moral turpitude). Moreover, the fact that veterans receive the preference for one promotion does not mean that the same preference applies to future promotions. Rather, veterans must meet the qualifying conditions of the future positions before they will be entitled to the veterans preferences. Since the preferences afforded to veterans by Sections 7103(b) and 7104(b) of the Veterans' Preference Act are not irrevocable, these provisions cannot be found to run afoul of Article I, Section 17. *See Johnson v. Pennsylvania Housing Finance Agency*, 453 Pa. 329, 309 A.2d 528 (1973) (rights not irrevocable within meaning of Article I, Section 17 if they exist only under certain conditions or for a definite term). Thus, I believe that Sections 7103(b) and 7104(b), as they relate to promotions, are constitutional.

Finally, I believe the majority's reliance on *O'Neill* to support its decision is misplaced because it will continue to improperly impose a constitutional line between veterans' benefits preference for original appointments and promotions. In *O'Neill*, the majority of the Court held that while the ten points added to a veterans' passing exam score is constitutional when applied to original appointments, that same provision somehow becomes unconstitutional when applied to promotions. However, Justice Stearne, joined by two other Justices, dissented in *O'Neill* because he believed that the distinction drawn by the majority between promotions and

original appointments was unreasonable since the same positive attributes veterans bring to their original appointments also apply equally to promotions. Thus, Justice Stearne believed that it was not unreasonable for the legislature to give veterans the same ten point credit for promotions that they received for original appointments. Therefore, Justice Stearne concluded that the ten point veterans' preference scheme was constitutional as it related to both original appointments and promotions.

I agree with Justice Stearne's dissent in *O'Neill* because I am also of the opinion that there should be no judicially recognized differences between original appointments and promotions for the purpose of bestowing veterans' preferences. The Veterans' Preference Act exists as a form of consideration for society's recognition that (1) veterans bring highly valued skills conducive to the better performance of public duties; (2) veterans suffer from a comparative disadvantage relative to non-veterans because of their exclusion from the labor market during their period of military service for the nation; and, (3) veterans have rendered the greatest service a citizen can perform, the defense of our liberty. *Schmid, supra* at 573–74, 3 A.2d at 704 (1938). In order for the Veterans' Preference Act to be constitutional, it is essential that its provisions require that veterans possess the minimum qualifications necessary to properly discharge the duties of the position which they seek. *Id.*

Here, veterans must be qualified before they can avail themselves to the preferences afforded by Sections 7103(b) and 7104(b) to original appointments and promotions. The majority, however, ignores this fact, and by doing so, continues to promote the distinction first articulated in *O'Neill* between original appointments and promotions because the majority continues to believe that the attributes offered by veterans over non-veterans in the form of positive attributes diminish once veterans are appointed to public employment positions.

I, however, do not find the majority's line of reasoning to be persuasive. Positive attributes developed in veterans through

their military training and service do not evaporate and disappear upon their entering public employment. Were this not so, it would indeed be difficult to justify preferential treatment for veterans in obtaining public employment positions in the first instance. How can the majority now say it was irrational and unreasonable for the General Assembly to find that those same qualities are still present when veterans become eligible for promotion and thus entitle him to preferential treatment? As was stated by the Supreme Court of Errors of Connecticut in *State ex rel. Higgins v. Civil Service Commission*, 139 Conn. 102, 90 A.2d 862 (1952) (veterans' preference point scheme applied to original appointments also constitutional when applied to promotions):

> If the qualities have once been acquired, it is reasonably probable that they will continue to characterize the veteran and thus afford the same potential value in promotions as they do in appointments. At least, the legislature could reasonably have taken this position, and since it could, we are powerless to interfere with its decision.

*Id.* at 111, 90 A.2d at 866. *See also, Koelfgen v. Jackson*, 355 F.Supp. 243 (D.Minn.1972), *aff'd*, 410 U.S. 976, 93 S.Ct. 1502, 36 L.Ed.2d 173 (1973) (five point preference given to veterans for promotions was constitutional); *McNamara v. Director of Civil Service*, 330 Mass. 22, 110 N.E.2d 840 (1953) (improper for court to draw constitutional line between preference for original appointment and promotions; hence, two point preference to veterans upon passing promotion exam was constitutional). Thus, I believe the majority's reliance on *O'Neill* to justify its ruling that Sections 7103(b) and 7104(b) are unconstitutional as they relate to promotions is improper because it amounts to the judiciary interfering with a reasonable classification made after considered deliberation by the General Assembly.

Based on the above reasons, I believe that Sections 7103(b) and 7104(b) are constitutional. The majority decision to the contrary once again makes this yet another day of infamy with regard to the rights of Pennsylvania's veterans. *See Brickhouse v. Spring–Ford Area School District*, 540 Pa. 176, 192,

656 A.2d 483, 491 (1995) (Castille, J. dissent).[3]  I, therefore, must respectfully dissent.

---

**3.**  In *Brickhouse,* the majority held that a veteran who applied for a vacancy on a teaching staff and was able to establish that he was certified to teach in the state did not have to be hired for the position pursuant to the Veterans' Preference Act because the veteran did not meet the additional qualifications placed on the position by the local school district.  I dissented because I believed that public employers should refer only to the qualifications defined by the General Assembly and its statutes as the ones being necessary to fill a public employment position.