Department of Corrections,    :
State Correctional Institution    :
at Frackville,    :
         Petitioner    :
   :
     v.    :
   :
Ralph E. Lynn    :
(State Civil Service Commission),    :    No. 1203 C.D. 2020
         Respondent    :


Governor's Office of Administration,    :
         Petitioner    :
   :
     v.    :
   :
Ralph E. Lynn    :
(State Civil Service Commission),    :    No. 1286 C.D. 2020
         Respondent    :    Submitted: October 22, 2021



BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge[1]
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: February 14, 2022


      The Department of Corrections (DOC), State Correctional Institution at

Frackville (SCI-Frackville) and the Governor's Office of Administration (OA)

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

(collectively, Petitioners) seek review of the October 26, 2020 order of the State Civil Service Commission (Commission)[2] directing the promotion of Ralph E. Lynn (Lynn) to the Corrections Welding Trade Instructor (Welding Instructor) position at SCI-Frackville. The Commission's order further required the DOC to remove Aaron M. Novotnak (Novotnak) from the Welding Instructor position and return him to his previous position.

In addition, the OA seeks review of the Commission's November 25, 2020 order denying the OA's petition to intervene and reopen the record. By order dated March 16, 2021, this Court consolidated the parties' petitions for review. Upon review, we affirm the Commission's orders.

## I. Background

In February 2019, the DOC issued a vacancy posting for a Welding Instructor position at SCI-Frackville. Reproduced Record (R.R.) at 123a-27a & 160a. At that time, Lynn was employed by the DOC as a Corrections Officer 1 (CO-1) at SCI-Frackville, a civil service position. R.R. at 79a & 162a. Novotnak was employed by the DOC as a corrections maintenance foreman, a non-civil service position. R.R. at 84a & 162a. Both Lynn and Novotnak applied for the posted vacancy, took the associated examination, and were interviewed for the Welding Instructor position. *Id.* at 31a-32a, 128a-32a & 162a.

As part of the process of filling the open Welding Instructor position, the DOC received two types of certification from the OA: (1) an employment certification containing the names of all individuals available for appointment or promotion to the position, and (2) a veteran certification containing the names of all

---

[2] The DOC sought review of the order of October 26, 2020, and the OA subsequently intervened.

2

individuals available for appointment or promotion to the position who were also eligible for veterans' preference. R.R. at 73a-74a & 163a. The DOC received the initial certifications in March 2019. At that time, 14 individuals were listed on the employment certification, and 3 individuals were listed on the veteran certification. R.R. at 128a-30a. Lynn was listed on the employment certification with a "veteran (V) indicator" and an exam score and a total score of 95 points. R.R. at 132a & 194a. However, although Lynn had a V indicator, veterans' preference points were not added to his final examination score. R.R. at 95a & 165a. As a result, Lynn's name did not appear on the veteran certification. R.R. at 128a.

On April 3, 2019, the OA issued amended certifications to the DOC.[3] R.R. at 92a-93a, 133a-35a & 168a. Novotnak was listed on both the amended employment and veteran certifications with an exam score of 90 points. R.R. at 131a-32a & 168a. Because Novotnak was eligible for veterans' preference, he received an additional 10 points, resulting in a final exam score of 100 points. *Id.* Lynn was listed in the same manner on the amended certifications as he had been previously, without the addition of veterans' preference points, again resulting in a score of 95 points. R.R. at 128a-32a.

On April 25, 2019, the DOC extended a conditional offer of employment to Lynn for the Welding Instructor position, which Lynn accepted. R.R. at 91a-95a & 168a-69a. The DOC subsequently met with Lynn on April 29, 2019, and rescinded the conditional offer of employment. R.R. 94a & 169a. At the meeting, Lynn was informed that although he was considered a "veteran," he was not entitled to receive veterans' preference for this particular position because it was

---

[3] The OA issued the amended certifications following a successful eligibility challenge by Novotnak. Prior to April 2019, Novotnak had not been listed on the certifications due to a deemed lack of minimum experience and training requirements for the Welding Instructor position. R.R. at 76a-77a, 81a-82a, 92a-93a & 133a.

3

a promotion for him. R.R. at 44a, 95a. He was further informed that he had received the conditional employment offer because of a mistaken belief that he was entitled to veterans' preference due to his V indicator in the OA's employment certification. R.R. at 91a-92a & 94a-95a. Because the conditional offer for the Welding Instructor position was extended to Lynn in reliance on this error, the DOC explained that it was necessary to rescind the conditional offer. *See* R.R. at 94a. Novotnak was subsequently selected for the Welding Instructor position and started working for the DOC in that capacity in June 2019. R.R. at 95a.

On May 14, 2019, Lynn filed an appeal request with the Commission challenging his "Non-Appointment/Promotion" to the Welding Instructor position with the DOC. R.R. at 1a-11a. In his appeal and a subsequent amendment detailing Novotnak's employment offer, Lynn alleged he was a qualified veteran, had one of the top three test scores, and accepted a conditional offer of employment, but was nevertheless denied a promotion to the Welding Instructor position. R.R. at 1a-3a. The Commission granted Lynn a hearing, naming Novotnak as the indispensable party and the DOC as the Appointing Authority. R.R. at 12a. The sole issue to be heard before the Commission was the "Non-Selection for Promotion to [Welding Instructor]." *Id.*

The Commission conducted a hearing on November 13, 2019, at the conclusion of which the DOC and Lynn agreed to close the record. R.R. at 120a-21a. On October 26, 2020, the Commission issued an adjudication sustaining Lynn's appeal, holding that he presented evidence establishing discrimination in violation of Section 2704 of the statute known as the Civil Service Reform Act (CSR

Act),[4] 71 Pa.C.S. § 2704. R.R. at 159a-99a. However, the Commission also concluded that the OA, not the DOC, had violated the CSR Act and associated regulations; the Commission determined that the OA denied veterans' preference points inappropriately, to Lynn's detriment. *Id.* The Commission ordered the DOC to afford Lynn veterans' preference, promote Lynn to the Welding Instructor position with compensation for the difference in pay between CO-1 and Welding Instructor, and return Novotnak to his previous position of Labor Foreman. R.R. at 198a-99a.

On November 10, 2020, the DOC filed a Petition for Reconsideration with the Commission. R.R. at 201a-09a. The same day, the OA filed a Petition to Intervene and Reopen the Record to Hold Further Proceedings. R.R. at 211a-18a. On November 25, 2020, the Commission denied both the DOC's petition for reconsideration and the OA's petition to intervene. R.R. at 230a & 256a. In December 2020, the Commission sent a letter to the DOC ordering compliance with the Commission's October 26, 2020 order. R.R. at 273a.

Meanwhile, in November 2020, the DOC filed its Petition for Review with this Court from the Commission's order. In December 2020, the DOC filed an application to stay the October 26, 2020 order pending the outcome of the instant appeal. R.R. at 274a-83a. In January 2021, the Commission denied the DOC's application for a stay. R.R. at 337a. The DOC then filed an Application for Stay

---

[4] The General Assembly repealed the former Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, *formerly* 71 P.S. §§ 741.1-.1005, by the Act of June 28, 2018, P.L. 460, which became effective on March 28, 2019. The provisions of the former Civil Service Act are now contained in Title 71, Part III, of the Pennsylvania Consolidated Statutes, 71 Pa.C.S. §§ 2101-3304, commonly known as the Civil Service Reform Act (CSR Act). Section 2704 of the CSR Act provides: "An officer or employee of the Commonwealth may not discriminate against an individual in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of race, gender, religion, disability or political, partisan or labor union affiliation or other nonmerit factors." 71 Pa.C.S. § 2704.

Pending Appeal with this Court, which this Court denied via a memorandum opinion issued on March 12, 2021.

In December 2020, the OA filed an Application for Relief in the Form of a Motion for Leave to Intervene in the instant case, which this Court granted. The consolidated appeals of the DOC and the OA are presently before this Court.

## II. Issues

On review in this Court,[5] the DOC asserts that the Commission erred when it found that Lynn was notified of his appointment to the Welding Instructor position because the DOC extended the conditional employment offer verbally rather than in writing. The DOC also argues that the Commission erred when it held that the CSR Act and related regulations prevented the OA from amending an eligibility list following a conditional employment offer to a potential candidate. Additionally, the DOC argues that the Commission erred as a matter of law in ordering that Lynn be afforded veterans' preference and be promoted to the Welding Instructor position, in light of applicable case law regarding the statute commonly

---

[5] "The Commission is the sole fact finder in civil service cases and has exclusive authority to assess witness credibility and to resolve evidentiary conflicts." *Bosnjak v. State Civ. Serv. Comm'n*, 781 A.2d 1280, 1286 (Pa. Cmwlth. 2001) (citation omitted). When reviewing a Commission decision, this Court views the evidence, and all reasonable inferences arising from that evidence, in the light most favorable to the party that prevailed before the Commission. *Perry v. State Civ. Serv. Comm'n (Dep't of Lab. & Indus.)*, 38 A.3d 942, 948 (Pa. Cmwlth. 2011) (citing *Bosnjak*). "Further, the Commission is given broad powers in the supervision and administration of the civil service system." *Id.* (citation omitted). This Court's review determines whether constitutional rights have been violated, whether an error of law was committed and whether the necessary findings of fact are supported by substantial evidence. *Williams v. State Civ. Serv. Comm'n*, 811 A.2d 1090, 1092 n.1 (Pa. Cmwlth. 2002). Our scope and standard of review is deferential with respect to factual findings, but it is plenary on questions of law. *Pa. Game Comm'n v. State Civ. Serv. Comm'n (Toth)*, 747 A.2d 887, 891 n.9 (Pa. 2000).

known as the Veterans' Preference Act[6] and the Pennsylvania Constitution.[7] Finally, the DOC claims that the Commission erred as a matter of law in holding that the OA, not the DOC, violated the CSR Act and related regulations.

The OA argues that the Commission manifestly abused its discretion by denying the OA's petition to intervene and reopen the record, where the Commission, without naming the OA as a party, held that the OA violated the CSR Act and related regulations. The OA further asserts that the Commission erred in its November 25, 2020 order by upholding the Commission's October 26, 2020 adjudication, which requires the OA, as well as the DOC, to misapply the Veterans' Preference Act and violate the Pennsylvania Constitution.

The Commission maintains that it properly exercised its discretion when it denied the requests of the DOC and the OA filed after the adjudication had been issued to allow the OA to intervene, to reopen the record for further evidentiary proceedings, and to allow legal argument directly by the OA. Further, the Commission contends that under the CSR Act and related regulations, amendments to the eligible list may not disadvantage an individual who has already been notified of an appointment, nor may a notification of appointment be rescinded when it disadvantages the individual. Finally, the Commission asserts that providing veterans' preference points to Novotnak, a non-civil service employee moving to a civil service position, while not providing veterans' preference points to Lynn, a veteran candidate who worked at the same appointing institution in a civil service position, violated the CSR Act's provisions prohibiting discrimination based upon non-merit factors.

---

[6] 51 Pa.C.S. §§ 7101-7111. The statute known as the Veterans' Preference Act is Chapter 71 of the Military Affairs Code, titled "Veterans' Preference."

[7] The DOC fails to cite or discuss any specific provision of the Pennsylvania Constitution.

### III. Discussion

### A. Discrimination

"The burden of prosecuting a discrimination appeal under the [CSR] Act rests with the employee." *Price v. Luzerne/Wyoming Cnty. Area Agency on Aging*, 672 A.2d 409, 413 (Pa. Cmwlth. 1996). Accordingly, when the Commission granted Lynn an appeal under Section 3003(7)(ii) of the CSR Act,[8] he bore the burden of establishing that his non-selection was due to discrimination in violation of Section 2704 of the CSR Act. 4 Pa. Code § 105.16(a).

Section 2704 of the CSR Act encompasses two discrete types of discrimination: (1) "traditional discrimination," which involves claims of discrimination based on non-merit factors, and (2) "technical discrimination," which involves claims based on procedural violations of the CSR Act and related regulations. *Price*, 672 A.2d at 411 n.4 (citing *Pronko v. Dep't of Revenue*, 539 A.2d 456, 462 (Pa. Cmwlth. 1988)). Here, both types of discrimination are at issue. The Commission posits that providing veterans' preference points to a non-civil service employee at the same institution while denying benefits to a civil service employee where both are competing for the same civil service position at a higher pay range is disparate treatment based upon a non-merit factor. Lynn further asserts that although he was a qualified veteran and had one of the top three test scores, he was ruled ineligible after he had already accepted a conditional offer and been provided a starting date for employment in his new position. R.R. at 170a. Thus, Lynn also alleges technical discrimination. We address each type of discrimination in turn.

---

[8] Section 3003(7)(ii) of the CSR Act provides: "A person who is aggrieved by an alleged violation of [S]ection 2704 (relating to prohibition of discrimination) may appeal in writing to the [C]ommission within 20 calendar days of the alleged violation. Upon receipt of the notice of appeal, the [C]ommission shall promptly schedule and hold a public hearing." 71 Pa.C.S. § 3003(7)(ii).

## 1. Traditional Discrimination – Veterans' Preference

As set forth above, Section 2704 of the CSR Act prohibits discrimination in the classified service based on non-merit factors, as well as technical discrimination. 71 Pa.C.S. § 2704. The Commission observes that the DOC and the OA have presented no argument demonstrating either an object to be attained by or a reasonable relation between awarding veterans' preference to the non-civil service employee, Novotnak, while denying it to Lynn. Commission's Br. at 46. We agree with the Commission that denying Lynn the Welding Instructor position would constitute discrimination against Lynn based on non-merit factors under the CSR Act.

The DOC and the OA cite our Supreme Court's decision in *Hoffman v. Township of Whitehall*, 677 A.2d 1200, 1203 (Pa. 1996), as support for their allegation that the Commission's decision violated the Veterans' Preference Act and the Pennsylvania Constitution. In *Hoffman*, our Supreme Court held that "[S]ections 7103(a)[9] and 7104 (b)[10] of the Veterans' Preference Act are, in the context of

---

[9] Section 7103(a) of the Veterans' Preference Act reads:

(a) Commonwealth examinations.--Whenever a veteran successfully passes a civil service appointment examination for a public position with the Commonwealth, or any political subdivision thereof, an additional 10 points shall be added to the veteran's final examination score and such score shall determine the veteran's standing on any eligible list certified or provided to the appointing authority. A veteran may not begin or hold the public position until proof of discharge papers, separation documents or statement of service are provided to the appointing authority.

51 Pa.C.S. § 7103(a).

[10] Section 7104(b) of the Veterans' Preference Act reads:

(b) Name on civil service list.--Whenever a veteran's name appears on an eligible list certified or provided as the result of a civil service examination, the appointing

9

veterans seeking promotions in public employment, unconstitutional." *Hoffman*, 677 A.2d at 1203. As a result, for promotions to public positions, veterans' preference may not be awarded because such an award overvalues military training, thereby creating impermissible class legislation. *Id.* at 1201-03. Further, in *Housing Authority of County of Chester v. Pennsylvania Civil Service Commission*, 730 A.2d 935 (Pa. 1999), our Supreme Court opined:

> [A] clear line can be discerned in our jurisprudence between mandatory veterans' preference in the context of appointment to a civil service position as opposed to the context of promotion to a civil service position from within the promoting agency or organization. The operation of the mandatory veterans' preference provisions in the former context is constitutional; in the latter context it is not.

*Id.* at 949.

The DOC and the OA assert that the Commission erred by ordering that Lynn be afforded veterans' preference through his alleged promotion to the Welding Instructor position, because this action violates the Veterans' Preference Act and the Pennsylvania Constitution. The DOC and the OA contend that because the Welding Instructor position was a civil service position and Lynn was employed in a civil service position, his appointment is considered a promotion. In contrast, because Novotnak was employed in a non-civil service position, his appointment to the Welding Instructor position would not constitute a promotion.

authority in making an appointment to a public position shall give preference to the veteran, notwithstanding the veteran's standing on the eligible list if the appointment is otherwise made in accordance with 71 Pa.C.S. § 2402 (relating to selection and appointment of eligibles). A veteran may not begin or hold the public position until proof of discharge papers, separation documents or statement of service are provided to the appointing authority.

51 Pa.C.S. § 7104(b).

Under the CSR Act, a "promotion" is "[t]he movement of an employee to another class in a pay range with a higher maximum salary." 71 Pa.C.S. § 2103. A "class" is, in pertinent part, "[a] group of positions in the classified service which are sufficiently similar in respect to the duties and responsibilities of the positions." *Id.* Relying on these definitions, the DOC and the OA posit that to constitute a promotion under the CSR Act, a change of position must move an employee from one position within the classified service to another position within the classified service. Under this reasoning, moving Lynn from a CO-1 position to a Welding Instructor position constituted a promotion because Lynn was already a civil service employee, yet moving Novotnak, a maintenance foreman, to a Welding Instructor position did not constitute a promotion because Novotnak was not already a civil service employee, even though he and Lynn were both employed by the DOC and the Welding Instructor position represented an increase in salary for both of them. Thus, the DOC and the OA posit that although both Lynn and Novotnak were DOC employees and both were veterans, Novotnak was entitled to veterans' preference points while Lynn was not. In proposing the award of veterans' preference to Novotnak at the exclusion of Lynn, the DOC and the OA mischaracterize what constitutes a promotion for the purposes of both the CSR Act and the Veterans' Preference Act.

In its October 26, 2020 Adjudication, the Commission relied on our Supreme Court's rulings regarding veterans' preference. In *Housing Authority of the County of Chester*, our Supreme Court stated:

> In the promotions context, the competing candidates are seeking to move up from within the same organization. They will have had ample opportunity during their tenure in that agency or organization to hone the skills relative to the promotion which they seek. If, during the period in

11

which they have had the opportunity to develop their skills in the exact same environment as the rival candidates, they have failed to progress to the same skill level as those rivals, then the fact that they had experience in the armed services is not probative and does not justify the candidate's shortcomings. On the other hand, when candidates seek appointment to a position in an organization or agency in which none of them have any experience, the fact that one of the candidates has military experience may rationally be viewed as that which distinguishes him as the superior candidate for the position.

*Housing Auth. of Cnty. of Chester*, 730 A.2d at 949; *see also* R.R. at 194a-95a (quoting *Housing Auth. of Cnty. of Chester*). Accordingly, the Commission concluded:

In the present case, there is no merit-related reason for denying [Lynn] preference while awarding it to Novotnak. Both candidates are currently employed at the same agency, in the same institution – the same organization and environment in which to hone their skills – prior to seeking the [Welding Instructor] position. Awarding preference to Novotnak because he is non-civil service and ejecting [Lynn] after he had accepted the position and been given his start date penalizes [Lynn] for already being in the classified service.

R.R. at 195a. We agree.

In addition, the purpose of veterans' preference is not solely a reward to the veteran for military service. More importantly, it is "also a formal recognition of the value of intangible qualities developed during significant military service[,]" which benefits the public when a veteran is placed in a civil service position. *Soberick v. Salisbury Twp. Civ. Serv. Comm'n*, 874 A.2d 155, 159 (Pa. Cmwlth.

12

2005). Here, awarding veterans' preference to Novotnak while denying it to Lynn does not fulfill the purposes of the veterans' preference legislation.

For these reasons, we conclude that awarding veterans' preference points to Novotnak, but not to Lynn, constituted discrimination on non-merit factors. The Commission did not err in determining that Lynn was entitled to veterans' preference points regarding the Welding Instructor position.

### 2. Technical Discrimination – Notification and Amendment

For a claim of technical discrimination, no showing of intent is required. *Pronko*, 539 A.2d at 462 (citing *State Corr. Inst. at Graterford v. Goodridge*, 487 A.2d 1036 (Pa. Cmwlth. 1985)). Nonetheless, "[d]iscrimination [under the CSR Act] cannot be inferred; there must be affirmative factual support to sustain the allegations." *Nosko v. Somerset State Hosp.*, 590 A.2d 844, 846 (Pa. Cmwlth. 1991) (internal citation and quotation marks omitted). There must be evidence to show that the petitioner was harmed by technical noncompliance with the CSR Act or related regulations, or evidence that because of the peculiar nature of the procedural impropriety, he could have been harmed, but there is no way to prove that for certain. *See Pronko*, 539 A.2d at 462.

Section 2307 of the CSR Act addresses errors and revisions to eligible lists, such as the certifications at issue here. Section 2307(c) provides: "The [OA] may correct clerical errors occurring in connection with the preparation of an eligible list and revise the eligible list accordingly. No individual who has been appointed as the result of certification from the eligible list shall be displaced by the action." 71 Pa.C.S. § 2307(c). The OA's related regulations further provide for amendments to eligible lists and the effect of such amendments:

§ 602.22. Amendment of an eligible list.

(a)   Basis for amendment.  The [OA] may amend an eligible list to:  correct a clerical error; indicate a change in veteran status; add or remove a name; or suspend or change eligibility for certification or appointment.

(b)   Effect of amendment.  An amendment to an eligible list may not disadvantage a fully qualified eligible already appointed or notified of appointment in good faith, based on a valid certification previously issued.

4 Pa. Code § 602.22.

Here, the CSR Act and the related regulations inform both the nature of Lynn's employment notification and the ability of the OA to amend its certifications. While the Commission concluded in its October 26, 2020 adjudication that the DOC had notified Lynn that he was appointed to the Welding Instructor position, the DOC asserts that Lynn was never "notified" of his appointment because the verbal employment offer was conditional in nature, regardless of the fact that Lynn was provided a prospective starting date. The DOC cites Section 2801 of the CSR Act, which requires that all notices of personnel actions be in writing, to support its position that its April 25, 2019 verbal offer was purely conditional in nature. 71 Pa.C.S. § 2801(a). Further, as the DOC notes, the OA's regulations classify appointments and promotions within the civil service as personnel actions. 4 Pa. Code §§ 607.1, 607.2. The DOC posits that, reading the CSR Act and the related regulations in concert, the appointment at issue here was a personnel action requiring an offer in writing.

Further, because the DOC's interpretation of the CSR Act requires written notice of an appointment, under Section 2307(c), the DOC contends hiring Novotnak did not result in Lynn's "displacement" because he was never "appointed" as contemplated by the CSR Act. 71 Pa.C.S. § 2307(c). Additionally, the DOC

14

reasons that Lynn was not "disadvantage[d]" under the regulations because he was not "already appointed or notified of appointment." 4 Pa. Code § 602.22(b). The DOC also argues that even if Lynn had been properly notified of his appointment on April 25, 2019, he could not have been disadvantaged by the OA's amendment of the certifications on April 3, 2019, because the certification was amended prior to Lynn's alleged appointment, regardless of its validity under the CSR Act and related regulations. The Commission also observes that the DOC did not expressly argue before the Commission that Lynn had not been notified of his appointment in writing or that absent such written notice, there was no notification of the appointment. The Commission further asserts that the DOC never demonstrated through reference to either the Act or related regulations how a conditional offer that has already been accepted differs from being notified of an appointment, particularly for a current Commonwealth employee.

The Commission found that Lynn had been notified of the appointment, based upon testimony provided by three human resources employees, who are supervised by and report to the OA. R.R. at 168a-69a. The Commission determined that Lynn was "notified" of his employment "in good faith." 4 Pa. Code § 602.22. In such an instance, "[the] [e]mployer cannot escape from its statutory obligations to [an e]mployee merely because of its own mistakes." *West v. Dep't of Pub. Welfare*, 614 A.2d 357, 360 (Pa. Cmwlth. 1992). Thus, the DOC's verbal, rather than written, notification to Lynn, even if it constituted an incorrect form of notice, did not allow the DOC to avoid its obligation toward Lynn. Accordingly, Lynn sustained his burden of demonstrating technical discrimination through violation of applicable statutory and regulatory provisions.

15

Invoking its authority under Section 3003(8) of the CSR Act, the Commission fashioned the remedy of removing Novotnak from and installing Lynn in the Welding Instructor position to protect Lynn's rights. In light of the Commission's broad authority over civil service matters and its ability to exercise discretion in its adjudicative proceedings, the Commission did not err under the CSR Act or related regulations by finding that Lynn was appointed to the Welding Instructor position in good faith and was, therefore, entitled to the rights of an appointed individual under the CSR Act.

**B. The OA as an Intervening Party**

Before this Court, the DOC and the OA argue that the Commission abused its discretion by denying the OA's petition to intervene and reopen the record, where the Commission held that the OA violated the CSR Act and related regulations without naming the OA as a party. The DOC and the OA allege that the Commission's October 26, 2020 adjudication had a direct and substantial effect on the OA's statutory interest in administering the Commonwealth's classified service. Further, the OA contends its interests were not adequately represented during the administrative hearing held in this matter. However, this Court allowed the OA to intervene in the present appeal. As a result, the OA has been afforded a full opportunity to challenge the October 26, 2020 adjudication of the Commission. Moreover, the construction of the CSR Act and related regulations is purely a question of law, and the OA has not pointed to any prejudice resulting from its lack of participation before the Commission that has not been cured by its participation in this appeal. Accordingly, we conclude that the Commission's refusal of the OA's intervention request was, at most, a harmless error. *See Cashdollar v. State Horse*

16

*Racing Comm'n,* 600 A.2d 646, 649 n.7 (Pa. Cmwlth. 1991) ("Because we have granted the [petitioners] standing in this Court, the denial of their petition to intervene [before the administrative agency], if it was error, was harmless.").

## IV. Conclusion

Discerning no error below, we affirm the Orders of the Commission.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Corrections,           :
State Correctional Institution       :
at Frackville,                       :
              Petitioner         :
                                   :
         v.                  :
                                   :
Ralph E. Lynn                        :
(State Civil Service Commission),    :   No. 1203 C.D. 2020
              Respondent        :


Governor's Office of Administration,  :
              Petitioner         :
                                   :
         v.                  :
                                   :
Ralph E. Lynn                        :
(State Civil Service Commission),    :   No. 1286 C.D. 2020
             Respondent        :   Submitted: October 22, 2021


## O R D E R

AND NOW, this 14th day of February, 2022, the October 26, 2020 and November 25, 2020 orders of the State Civil Service Commission are AFFIRMED.


_____
CHRISTINE FIZZANO CANNON, Judge